# FANNY M. FIELDS v. MANKATO ELECTRIC TRACTION COMPANY.[1]

December 8, 1911.

Nos. 17,398—(107).

**Wrongdoer liable for proximate results of his act.**

Where a person is injured by the wrong or neglect of another, and he is not himself negligent in the selection of a medical attendant, the wrongdoer is liable for all the proximate results of his own act, although the consequences of the injury would have been less serious than they proved to be, if the attendant had exercised proper professional skill and care. Goss v. Goss, 102 Minn. 346.

**No error in exclusion of evidence.**

The trial court did not err in the application of this rule, and excluding thereunder evidence offered upon the trial of this case.

Action in the district court for Blue Earth county to recover $21,500 for personal injuries. The complaint alleged that, while plaintiff was riding upon defendant's street car, which was old and negligently operated without push-buttons or other methods whereby passengers could signal the motorman, plaintiff's conductor neglected his duty to watch for signals from the passengers and plaintiff was compelled to leave her seat in order to ask the conductor of the car to stop for her to get off at a certain street; that the car

---

[1] Reported in 133 N. W. 577.

[Note] Mistreatment by physician as affecting liability of persons causing injury, see note in 17 L.R.A. 34.

stopped at some distance beyond the place where she wished to get off; that as she was in the act of stepping from the car, defendant started it, throwing her with great force upon the ground, thereby causing injuries from which she became permanently crippled. The answer alleged negligence on the part of plaintiff. The reply was a general denial. The case was tried before Snow, J., acting for the judge of the Sixth judicial district, and a jury which returned a verdict in favor of plaintiff for $7,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*A. R. Pfau, Jr.,* and *C. J. Laurisch,* for appellant.

*S. B. Wilson,* for respondent.

SIMPSON, J.

This is a personal injury action in which the plaintiff had a verdict. The defendant appealed from an order denying its alternative motions for judgment or a new trial. Upon this appeal the principal question raised and discussed is whether one who negligently causes an injury to another may show, either in defense or in mitigation of damages, that the injury was enhanced by unsuccessful medical treatment; the injured person not being negligent in the selection of physicians or in submitting to such treatment.

As a result of falling or being thrown to the ground while alighting from a street car, the plaintiff received injuries, consisting in part of a straining and rupturing of the muscles and ligaments of the hip, and the fracturing and crushing of the neck and head of the femur or thigh bone. She was given immediate medical treatment at her home. Three physicians were in attendance, and after attempting, without success, to keep the hip in place, they determined that an operation was necessary. The day following the accident she was taken to a hospital, and the crushed portion of the thigh bone and the head of the bone were removed. The resulting wound did not heal. At the time of the trial the plaintiff's physical condition was greatly impaired. Upon the trial the defendant offered to prove that the medical treatment given plaintiff was unskilful; that the operation performed was unnecessary, and was not sanc-

tioned by the recognized and approved practice of physicians and surgeons; that the unnecessary and improper operation greatly aggravated plaintiff's injury, and caused the plaintiff's impaired physical condition at the time of the trial. The offer did not include any evidence tending to show negligence on the part of the plaintiff in selecting physicians or in submitting to their treatment. Upon the plaintiff's objection, this evidence was excluded.

In Goss v. Goss, 102 Minn. 346, 113 N. W. 690, this court, speaking through Chief Justice Start, stated the rule which obtains in this state as follows: "Where a person is injured by the wrong or neglect of another, and he is not himself negligent in the selection of a medical attendant, the wrongdoer is liable for all the proximate results of his own act, although the consequences of the injury would have been less serious than they proved to be if the attendant had exercised proper professional skill and care."

This rule is clearly decisive of the point here raised in the instant case. Under the facts established in this case, the negligence of the defendant was the proximate cause of the impaired physical condition of the plaintiff. The finding of the jury determined that the defendant's negligence in the operation of its car caused the plaintiff to fall therefrom. It is conceded that the plaintiff received a severe injury in so falling from the car. Such injury required expert medical treatment. The necessity for the attendance and services of physicians was created by the defendant. The plaintiff, without negligence on her part, obtained the attendance and services of physicians so made necessary. The risks incident to submitting to treatments and operations were thus incurred through the fault of the defendant, not through the fault of the plaintiff. Whether the physicians skilfully or unskilfully performed the necessary services, the plaintiff not being in fault in any manner, her impaired physical condition at the time of the trial followed in unbroken causal sequence the negligence of the defendant in handling the car. The trial court did not err in excluding the testimony offered.

The record does not disclose prejudicial misconduct on the part of the plaintiff's counsel during the trial.

Order affirmed.