[Civ. No. 1360.   Second Appellate District.—September 16, 1913.]

AGNES McGRORY et al., Respondents, v. PACIFIC ELEC-
TRIC RAILWAY COMPANY (a Corporation), Defend-
ant and Appellant; SOUTHERN PACIFIC COMPANY
(a Corporation), Defendant.

WRONGFUL DEATH—ACTION FOR DAMAGES—MEASURE OF RECOVERY.—In
an action for the wrongful death of a man, brought by his sur-
viving wife and daughter, a verdict of twenty thousand dollars is
not so large as to warrant interference by an appellate court; the
deceased being twenty-five years of age, and having a life expec-
tancy of thirty-eight years, and an earning capacity of twenty
dollars a week at the time of his death.

ID.—EXCESSIVE RECOVERY—CONDITIONS PRECEDENT TO REVIEW ON AP-
PEAL.—In order to warrant a court in setting aside a verdict for
damages on the ground that too great a sum of money has been
awarded, the sum must be so disproportionate to the result of any
reasonable computation, based upon the facts shown in evidence,
as to suggest at once that the jury must have been influenced by
some factor, improper for them to consider, such as their sympathy
for the plaintiff or their bias or prejudice against the defendant.

ID.—EXAMINATION OF WITNESS—NONPREJUDICIAL RULINGS.—In an ac-
tion for damages for wrongful death, the defendant is not preju-
diced by a question to a witness who represents the company that
employed the deceased, as to whether the witness had discussed
with the decedent the matter of increasing his compensation, where
the witness answers that he does not remember.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial.
J. P. Wood, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, R. C. Gortner, and W. R. Millar, for Ap-
pellant.

Morton, Hollzer & Morton, T. A. Williams, and F. M. Fow-
ler, for Respondents.

JAMES, J.—Agnes McGrory, a widow, for herself and as
guardian of Agnes McGrory, her infant daughter, the two

being the sole heirs at law of William McGrory, sued to recover damages alleged to have been sustained through the death of the husband and father, which was occasioned by a collision between a car of defendant Pacific Electric Railway Company, upon which deceased was riding, and an express train of the Southern Pacific Company. Defendants conceded their liability, but took issue as to the amount of damages to which plaintiffs were entitled. The jury sitting at the trial returned a verdict for the sum of twenty thousand dollars. This amount defendants contend is excessive and beyond any sum which the evidence established as the total of plaintiffs' pecuniary loss.

William McGrory at the time of his death was a young man, twenty-five years of age. He had been married less than one year, and was regularly employed as a butcher at a salary of twenty dollars per week. His widow testified that at the time of her husband's death they were living in a bungalow for which payments were being made out of the wages earned by deceased; that her husband was strong and in good health at the time of the accident and was of a very kind and loving disposition; that he gave her his wages each week, out of which she paid the family expenses and the installments due on the bungalow. The secretary of the business house who employed McGrory testified that McGrory had worked for his company for about two years; that his wages at first had been eighteen dollars per week and afterward twenty dollars per week, which latter sum he was receiving at the time of his death; that as the witness observed him, McGrory was a strong, quiet, steady man of good habits. It was stipulated at the trial that a man of the age and condition of health of McGrory would have a life expectancy of thirty-eight years. The foregoing is the substance of all of the evidence upon which the jury measured the damages suffered by plaintiffs. If the deceased had lived for the full period of his expectancy, and had continued to earn twenty dollars per week, at the time of his death he would be sixty-two years old and would have earned approximately thirty-six thousand dollars. The jury, under the rule established by the decisions were permitted to consider the loss of the comfort which the society of deceased would have afforded plaintiffs, in determining the amount of their pecuniary loss. In order to warrant a court in setting aside a verdict for damages on the ground that too great a sum of money

has been awarded, the sum must be so disproportionate to the result of any reasonable computation, based upon the facts shown in evidence, as to suggest at once that the jury must have been influenced by some factor, improper for them to consider, such as their sympathy for a plaintiff or their bias or prejudice against a defendant. Counsel for appellants have taken the facts of the case of *Diller* v. *Northern California Power Co.,* 162 Cal. 531, [Ann. Cas. 1913D, 908, 123 Pac. 359], where the court sustained a verdict of twenty thousand dollars' damages for the death of a man whose life expectancy was 15.39 years, but whose earnings some of the evidence showed had amounted to six thousand dollars per year, as a basis for argument against the fairness of the verdict returned in this case. They argue that if Diller had lived he would have earned a much larger sum of money during the period of his assumed expectancy than would the deceased McGrory. But in order to give any force to this argument the decision must be construed as holding that had any sum in excess of twenty thousand dollars been awarded in the Diller case, the judgment would have been set aside as being for too great an amount. That decision does not so declare. The supreme court in the Diller case only asserted that it could not be said under the facts shown that the verdict was of such an amount as to sugfest as a necessary inference that the finding was prompted by the passion or prejudice of the jury. To the same effect are the cases of *Valente* v. *Sierra Ry. Co.,* 158 Cal. 412, [111 Pac. 95]; *Peters* v. *Southern Pacific Co.,* 160 Cal. 48, [116 Pac. 400]; and *Hale* v. *San Bernardino Co.,* 156 Cal. 713, [106 Pac. 83].

Objection was taken to a question asked by plaintiffs' counsel of the witness who represented the meat company which had employed McGrory, as to whether that witness had discussed with McGrory the matter of increasing his compensation. The objection was overruled, but whether the question was a proper one or not, no prejudice could possibly have been worked against defendants' interests because the witness answered that he did not remember.

No sufficient reason is shown why a reversal should be ordered.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 14, 1913