[Civ. No. 3023. Second Appellate District, Division Two.—December 2, 1919.]

MELQUIADES MORENO et al., Respondents, v. LOS ANGELES TRANSFER COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—INJURY TO EMPLOYEE—PAYMENT BY INSURANCE CARRIER—RIGHT TO JOIN AS PLAINTIFF—AWARD BY COMMISSION NOT CONDITION PRECEDENT.—The liability of the employer or its insurance carrier to pay compensation is created by the Workmen's Compensation Act and not by the award of the commission; therefore, the making of an award by the commission does not constitute a condition precedent to. the right of the insurance carrier who has paid the compensation to the injured employee to join with the latter as plaintiff in an action to recover damages from the party by whose negligence the injury was caused.

[2] ID.—OCCUPATION OF PLACE OF DANGER—DUTY TO REFRAIN.—A person riding on a steam roller as helper, and to assist the driver generally, but not having anything to do with the actual operation or driving of the roller, or any control over the driver, is not required to refrain from occupying a position on the roller that can only become a place of danger by reason of the negligence of another.

[3] ID.—FAILURE TO ASSUME THAT ANOTHER WOULD VIOLATE LAW— INJURY—CONTRIBUTORY NEGLIGENCE.—Such a person is justified

---

3. Rule of road governing vehicles proceeding in the same direction, note, 41 L. R. A. (N. S.) 337.

in assuming that another person proceeding on the same street will obey the law; and where he is injured through the negligence of the driver of a baggage truck in cutting in too quickly to the left and ahead of the steam roller, contrary to the provisions of the state Motor Vehicle Act, he cannot be charged with contributory negligence because he omitted to assume that another would thus violate the law.

[4] ID.—NEGLIGENCE OF DRIVER OF STEAM ROLLER—NOT IMPUTED TO HELPER.—Where such injured person was acting merely as an assistant to the driver of the steam roller, having nothing to do with the actual operation or driving of the roller, nor any control over the driver, the negligence of the driver, if any there was, cannot be imputed to him.

[5] ID.—ACTION FOR DAMAGES—FAILURE TO OBSERVE TRAFFIC RULE—TESTIMONY OF DRIVER—DIRECTED VERDICT.—In an action for damages by such injured person against the owner of the baggage truck which caused the injury, the testimony of the driver of defendant's truck that he saw the plaintiff on the steam roller and that he would have missed the roller altogether if the plaintiff's legs had not been sticking over the side would justify the court in directing a verdict for the plaintiff.

[6] ID.—MEASURE OF DAMAGES—PROVINCE OF JURY.—In such an action the amount of damages to be awarded to the plaintiff is committed to the unbiased judgment of the jury, and when it appears that that judgment has been fairly obtained, such judgment must govern, unless the damages awarded are so obviously disproportionate to the injury shown to have been sustained as to warrant the belief that the jury must have been influenced by passion, partiality, or prejudice, or misled by some mistaken view of the merits of the case.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Chas. Monroe, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Gray, Barker & Bowen, Hickcox & Crenshaw and Wheaton A. Gray for Appellant.

George J. Denis and George W. McDill for Respondents.

THOMAS, J.—In this action plaintiffs seek to recover from the defendant damages for personal injuries sus-

tained by plaintiff Moreno by reason of the alleged neg-
ligence of an employee of defendant. The case was tried
before a jury. Verdict was rendered in favor of plain-
tiffs for the sum of ten thousand dollars, and judgment
entered accordingly. There was a motion for new trial,
which was denied. The appeal is from the judgment
alone.

It appears that on the day of the accident the plaintiff
Moreno was employed by the Fairchild-Gilmore-Wilton
Company, and had been detailed by a foreman of that
company to go as a helper with one of its steam-roller
drivers to assist the latter in moving a heavy steam roller.
As such helper his duties were to care for traffic. He rode
on the roller. It was his duty to get off and hold horses
when they became frightened on account of the noise of
the steam roller, and to assist the driver generally. He
had nothing to do with the actual operation or driving
of the roller, and had no control over the driver. As al-
ready intimated, at the immediate scene of the accident
Moreno was riding upon the frame of the left front end
of the steam roller, and just above the left end of the
front roller. His legs were hanging over the side, but
his face was turned toward the front, he being engrossed
with the duties of his employment. The steam roller was
being driven at a speed of about three miles an hour. A
baggage truck of the defendant was proceeding on the
same street and in the same direction, and on the same
side of the street. Witnesses testified that the driver of the
baggage truck was driving at a rate of about twenty miles
an hour, although the driver himself claimed that he was
not going to exceed six or seven miles an hour. In at-
tempting to pass in front of the steam roller he cut in and
collided with the left front corner of the roller, severely
crushing Moreno's left leg below the knee, and causing
a compound comminuted fracture of the tibia and a com-
pound fracture of the fibula, many fragments of the tibia
later coming out of the leg. Moreno was confined to the
hospital for several months. As a result of the accident the
injured leg was left shortened about three-fourths of an inch,
the shortening taking place in the tibia, and which, in
relation to the fibula, caused certain other serious com-
plications of a permanent nature—the disarrangement

of the relative normal position of the ends of the two bones somewhat dislocating them and causing the fibula to press up at the top and down at the bottom, tending to turn the foot over outwardly, thereby pressing at the side of the leg, and causing pain at several places whenever the leg is used. Little weight can be put upon the foot of the injured leg, Moreno being unable to walk without the aid of a cane. The injury is permanent, and Moreno will probably never be able to do manual labor—the only kind of labor which his training permitted him to do.

Compensation under the Workmen's Compensation Act [Stats. 1917, p. 831] was afterward paid to Moreno by the Commonwealth Bonding & Casualty Insurance Company, the insurance carrier of Moreno's employer, and the action is brought jointly by Moreno and the Insurance Company.

Defendant's defense was a denial of negligence and a claim of contributory negligence on the part of Moreno; and, as appellant, it urges as grounds for reversal the following points: (1) That as there had been no award against Moreno's employer by the Industrial Accident Commission at the time of the filing of the suit, there was no liability upon the employer by the assumption of which the insurance carrier could become subrogated to the cause of action, and hence it was not a proper party to the action; and also that in the joining of the insurance carrier and Moreno there was a misjoinder of parties plaintiff; (2) error and misconduct on the part of the trial court during the trial, said error consisting in its refusal to give certain instructions requested by defendant and in giving certain instructions, objected to by defendant, at request of plaintiff; (3) that the evidence shows Moreno guilty of contributory negligence; and (4) that the verdict is excessive.

[1] In view of the fact that the liability to pay compensation is created by the act and not by the award of the Industrial Accident Commission, we think any discussion of the first point urged unnecessary.

As to the second point, we think it sufficient to say that we see no error in the court's refusal to grant defendant's requested instructions, for the reason that none of them were proper or material under the evidence in the case. As to the instructions given, and which were objected to

by defendant, we think they were ample and, in view of all the instructions given, were as favorable to defendant as the facts disclosed by the record here would warrant.

Under this heading we think it proper to dispose of defendant's objection and exception to a question propounded by the trial judge to the witness Huntoon. In response to questions of one of the attorneys for defendant, the witness had testified that there was nothing to prevent Moreno from throwing his legs around in front of the steam roller so as to escape being struck. At that juncture the court asked the following question: "Would you like to ride on there with the roller rubbing against your feet?" Appellant contends that "the above-quoted question of the court was a clear intimation to the jury that the judge did not believe that it was either necessary or feasible for the plaintiff to have shifted his position so as to have avoided personal injury," and thinks that "this question of the court was very untimely, that it injured the cause of defendant materially in the eyes of the jury, and that it ought to be sufficient ground for a reversal of the judgment." With this contention we are unable to agree. The question itself was no expression of opinion. Rather, it called for a categorical answer to a question calling for a fact, not an opinion. The answer of the witness to the court's questioning was subject to motion to strike, because it was not an answer to the question, but an expression of an opinion. We find nothing in the record to indicate the court's frame of mind as to the facts at any time. As we see it, if the result of the question was harmful at all—which we do not concede—the injury was inimical to plaintiffs, rather than defendant. To guard against any such contingency the court very properly admonished and instructed the jury to disregard anything said or done by him as judge indicating that he had any opinion in the case.

We think the third point urged without merit. [2] The plaintiff Moreno was not required, either under the common law or any statutory enactment of this state, to refrain from occupying a position that could only become a place of danger by reason of the negligence of another. [3] The Motor Vehicle Act of this state [Stats. 1915, p. 397] required the defendant's employee, in passing, to

keep to the left of the steam roller, and to not turn to the right again until entirely clear thereof. Moreno was justified in assuming that defendant's employee, and all others, would obey the law, and hence he was not negligent in failing to watch to the rear. Contributory negligence cannot be predicated upon an omission to assume that another will violate the law. (*Medlin* v. *Spazier*, 24 Cal. App. 242, [137 Pac. 1078]; *Raymond* v. *Hill*, 168 Cal. 473, [143 Pac. 743].)

[4] The negligence of the driver of the steam roller, if any there was, cannot, under the law of this state and the evidence in this case, be imputed to the plaintiff Moreno, as there is nothing here which can by any stress be construed as a joint enterprise. So much has been written on this point that we even refrain from the citation of authorities. Regardless of the fact, however, whether the driver of the steam roller was negligent in not keeping close to the curb, the fact remains that according to the evidence here the proximate and effective cause of the injuries sustained by Moreno was the failure of the driver of defendant's truck to keep to the left until clear of the steam roller, as required by traffic regulations and the act referred to. (*House* v. *Fry*, 30 Cal. App. 157, [157 Pac. 500].) We are also of the opinion that the sounding of the horn under such circumstances as disclosed by the record here, in view of the great noise of the steam roller itself, is not sufficient, but that the driver of defendant's truck was required to "use every reasonable precaution to insure safety." [5] The driver was bound, under the law as already stated, to keep clear of the steam roller and not to turn to the right and ahead of the same until he could do so with safety. (*Raymond* v. *Hill, supra.*) The evidence of the driver himself is that he saw the position of Moreno on the steam roller, and that he "would have missed the roller altogether if his legs had not been sticking over the side." This can hardly be said to be allowing sufficient space for safety. Trying to make a close pass, as was attempted in this case, on the streets of our great cities and our splendid roads and boulevards, and the serious accidents which have resulted from such careless, reckless, and negligent driving, are altogether too common occurrences to escape further notice. Such practices cannot be too severely condemned. Appellant suggests many things that Moreno might have done. We are

confronted, however, with a condition, not a theory. It is unnecessary to go into the thin air of metaphysics or conjecture. The jury was concerned only with what was actually done, and have resolved that fact under the evidence and fixed the responsibility. We think the jury did their duty fully. In our opinion the record in this case discloses the negligence of defendant's driver to be so great as to bring it within the purview of the cases where no defense of contributory negligence can be urged. It seems to us "reckless, willful and wanton." (Thompson on Negligence, secs. 206, 207.) Indeed, we think that on the evidence of defendant's driver alone the trial court would have been justified— as was done in the case of *Catlin* v. *Union Oil Co.*, 31 Cal. App. 597, [161 Pac. 29]—in directing a verdict for the plaintiffs. As we read the evidence, we cannot understand how the jury could have arrived at any other verdict than the one which they found, even although in so doing they disregarded entirely all but the evidence offered on behalf of defendant and acted upon that alone. As to this fact it is certainly clear that there should be no difference of opinion in the mind of any reasonable juror after hearing all the evidence.

[6] As to the fourth point urged, we think that in view of the fact that under the law this matter is committed to the unbiased judgment of the jury, and when it appears, as we are of the opinion it does appear in this case, that that judgment has been fairly obtained, such judgment must govern, unless the damages awarded are so obviously disproportionate to the injury shown to have been sustained as to warrant the belief that the jury must have been influenced by passion, partiality, or prejudice, or misled by some mistaken view of the merits of the case, and that, therefore, we are without authority to disturb the same. (*Aldrich* v. *Palmer*, 24 Cal. 513; *Morgan* v. *Southern Pacific Co.*, 95 Cal. 501, [30 Pac. 601]; *Howland* v. *Oakland etc. Ry. Co.*, 110 Cal. 513, [42 Pac. 983]; *McGrory* v. *Pacific Electric Ry. Co.*, 22 Cal. App. 671, [136 Pac. 303]; *Earl* v. *San Francisco Bridge Co.*, 31 Cal. App. 339, [160 Pac. 570].) Applying what our own courts have said in these cases, we do not feel that we would be justified in disturbing the verdict upon the ground that it is excessive.

In view of what we have said in the discussion of the third point urged by appellant, and when the whole record is considered in the light of article VI, section 4½, of our constitution, it cannot, we think, be successfully maintained that there has been a miscarriage of justice in this case.

Judgment affirmed.

Finlayson, P. J., and Sloane, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 29, 1920.

All the Justices concurred, except Kerrigan, J., *pro tem.*, who was absent.