[S. F. No. 15554. In Bank.—August 18, 1936.]

AGNES FITZPATRICK et al., Appellants, v. THE FIDELITY AND CASUALTY COMPANY OF NEW YORK et al., Respondents.

Vincent W. Hallinan, Emmett R. Burns, William F. Herron and James J. Roach for Appellants.

Hartley F. Peart, Hadsell, Sweet, Ingalls & Lamb and Bronson, Bronson & Slaven for Respondents.

WASTE, C. J.—Plaintiffs appeal from a judgment entered for the defendants upon the sustaining of demurrers, general and special, to the second amended complaint without leave to amend.

The complaint alleges that on or about October 9, 1931, the deceased, Henry O. Fitzpatrick, while acting in the course and scope of his employment as a plumber sustained an injury to his back; that at the time of said injury the employer of deceased carried compensation insurance with the defendant casualty company; that the injury occurred at Napa, California, and deceased was there treated by his personal physician who applied a cast to his back thus immobilizing the affected vertebrae; that upon receiving notice of the injury the insurance carrier of the employer insisted that the deceased come to San Francisco to be examined by its investigators upon pain of its refusal to pay compensation; that deceased, though protesting his inability to travel the required distance, thereafter, and pursuant to such compulsion, came to San Francisco and was directed to go to the office of the insurance carrier's investigators, also named herein as defendants, who were engaged to examine, interrogate and investigate injured persons seeking workmen's compensation; that at all times material here said investigators and one Nolan, named as a defendant, were the agents, servants and employees of the defendant insurance carrier and acting within the scope of their employment.

The complaint then goes on to allege that the investigators and Nolan, over the protest of deceased that he would suffer great pain thereby, removed the cast from his back; that a few days later the defendant Nolan applied a new cast but in so doing carelessly and negligently placed the same so as not to immobilize the affected vertebrae; and that solely as a result thereof the deceased died December 15, 1931, to the damage of the plaintiffs in the sum of $50,000.

Among other grounds, the special demurrers specified uncertainty of the complaint because of its failure to aver whether the defendants who are alleged to have been engaged to and did examine, interrogate and investigate the deceased, did so in a medical or lay capacity. As we shall hereinafter more fully point out, the aggravation of an industrial injury or the infliction of a new injury resulting from its treatment or examination are compensable under the provisions of the Workmen's Compensation Act and, therefore, within the exclusive cognizance of the Industrial Accident Commission. This being so, the de-

murrers were properly sustained. ▆ The special ground of demurrer above mentioned was particularly well taken and the fact that the trial court sustained the demurrers without leave to amend would not constitute reversible error, even if the general demurrer were not well taken, in the absence of a request or application by the plaintiffs for permission to amend. (*Haddad* v. *McDowell,* 213 Cal. 690, 692, 693 [3 Pac. (2d) 550; *Consolidated etc. Co.,* v. *Scarborough,* 216 Cal. 698, 706 [16 Pac. (2d) 268]; *Alameda Co. T. Ins. Co.* v. *Panella,* 218 Cal. 510, 517 [24 Pac. (2d) 163].) Examination of the transcript fails to disclose, and plaintiffs make no contention, that permission was asked or any attempt made to amend the second amended complaint after the demurrers thereto had been sustained.

Reverting to the principle briefly mentioned above, it is now established that the purpose of the Workmen's Compensation Act is to furnish "a complete system of workmen's compensation, including full provision for such medical, surgical, hospital and other remedial treatment as is requisite to cure and relieve from the effects of such injury: Article XX, sec. 21, California Constitution". (*Independence Indem. Co.* v. *Industrial Acc. Com.,* 2 Cal. (2d) 397, 407 [41 Pac. (2d) 320].)

As declared in *Alaska Packers Assn.* v. *Industrial Acc. Com.,* 200 Cal. 579, 583 [253 Pac. 926], the act "substitutes a new system of rights and obligations for the common-law rules governing the liability of employers for injuries to their employees" and "when the specified conditions exist, the remedy provided by the act is exclusive of all other statutory or common-law remedies . . . "

▆ In other words, where the recovery for an injury sustained by or the death of an employee comes within the provisions of the Workmen's Compensation Act, the Industrial Accident Commission has exclusive jurisdiction and the superior court may not entertain an action for damages against the employer or his insurance carrier, the latter being subrogated to all the rights and duties of the employer.

▆ In the development of our system of workmen's compensation, it has become settled, as already indicated, that an employee is entitled to compensation for a new or aggravated injury which results from the medical or

surgical treatment of an industrial injury, whether the doctor was furnished by the employer, his insurance carrier, or was selected by the employee. (27 Cal. Jur. 423, sec. 106; 39 A. L. R. 1270, 1276, and cited cases.) In line with this principle, it is held in *Oleszek* v. *Ford Motor Co.*, 217 Mich. 318 [186 N. W. 719], that the employer and his insurance carrier are liable for a new or aggravated injury resulting from careless first-aid treatment. administered by a fellow employee.

The case of *Sarber* v. *Aetna L. Ins. Co.*, 23 Fed. (2d) 434, holds that an action for damages will not lie against an insurance carrier based on the negligent medical treatment of an industrial injury. Among other things, the court declares that ''under the great weight of authority the employer is liable for all legitimate consequences following an accident, including unskilfulness or error of judgment of the physician furnished as required, and the employee is entitled to recover under the schedule of compensation for the extent of his disability based on the ultimate result of the accident, regardless of the fact that the disability has been aggravated and increased by the intervening negligence or carelessness of the employer's selected physician.'' The reasonableness of this principle is patent.

Where, as here, the employee has his personal physician treat an industrial injury, the employer òr his insurance carrier, as the case may be, are by the provisions of section 16 of the Workmen's Compensation Act (Stats. 1917, p. 845) given the right of examination under reasonable circumstances and conditions. This being so, we are of the view that any aggravation or increase of the injury growing out of such examination would be compensable under the act, within the principle of the above cited cases (*Lincoln Park Coal & Brick Co.* v. *Industrial Com.*, 317 Ill. 302 [148 N. E. 79]), and may not constitute the basis of an action for damages against the employer or his insurance carrier.

It is well settled, of course, that a doctor is liable for his own acts and an award to an employee or his dependents against the employer or his insurance carrier does not raise a bar to an action against the doctor for negligence or malpractice. (*Smith* v. *Golden State Hospital*, 111 Cal. App.

667 [296 Pac. 127].) However, as above stated, the second amended complaint is uncertain in that it fails to aver whether Nolan and the other alleged examiners and investigators of the insurance carrier were acting in a medical or lay capacity and, as conceded by the appellants in the reply brief, this action is not one for malpractice. We find no error in the ruling sustaining the demurrers without leave to amend.

The judgment is affirmed.

Shenk, J., Curtis, J., Langdon, J., and Seawell, J., concurred.

Rehearing denied.