[L. A. No. 19477. In Bank. Mar. 14, 1946.]

ESTHER HEATON, Respondent, v. MILTON KERLAN, M.D. et al., Defendants; ASSOCIATED INDEMNITY CORPORATION (a Corporation), Appellant.

Syril S. Tipton for Appellant.

Lyndol L. Young as Amicus Curiae on behalf of Appellant.

F. Murray Keslar for Respondent.

TRAYNOR, J.—Respondent Esther Heaton fractured her left arm in the course of her employment as a masseuse. Her employer carried workmen's compensation insurance with appellant Associated Indemnity Corporation, and respondent was treated by a doctor selected by appellant. The doctor, without taking an X-ray of respondent's arm, diagnosed and treated for a sprain. The arm did not knit, and by the time another doctor discovered the fracture, it became necessary to remove the head of the radius, and the arm was permanently disabled.

On January 20, 1942, respondent brought an action against the doctor for malpractice and recovered a judgment for $20,000, which was later reduced to $8,000. Actions against other doctors were dismissed. On August 19, 1942, the Industrial Accident Commission found that respondent had a permanent disability of 16¼ per cent and awarded her $1,625 in permanent disability benefits, and appellant paid the award. Before the trial of the malpractice action, appellant filed an application under section 3856 of the Labor Code* for a lien

---

*"'The court shall first apply, out of the entire amount of any judgment for any damage recovered by the employee, a sufficient amount to reimburse the employer for the amount of his expenditures for compensation. If the employer has not joined in the action or has not brought action, or if his action has not been consolidated, the court, on his application shall allow, as a first lien against the entire amount of any judgment for any damages recovered by the employee, the amount of the employer's expenditures for compensation.'" (Lab. Code, § 3856.)

upon any judgment that might be recovered in the action. Respondent's motion to strike the application was granted, a demurrer by the doctor thereto was sustained without leave to amend, and a judgment of dismissal was entered. This appeal followed.

Appellant contends that by virtue of its alleged lien, it has a right to reimbursement out of the proceeds of the judgment against the doctor for that part of the award, allegedly amounting to $1,425, and for that part of the medical expenditures, allegedly totalling $246.05, exceeding the disability benefits and medical payments to which respondent would have been entitled had there been no malpractice.

 The payment of an award that includes compensation for negligent treatment of an injury, and the payment of a judgment for damages caused by the same treatment, would amount to double recovery. In this state, however, a double recovery is precluded by the provision that the employer or his insurance carrier may obtain a lien against the entire amount of any judgment for any damages recovered by the employee for "the amount of his expenditures for compensation." (Lab. Code, § 3856; *San Bernardino County* v. *Industrial Acc. Com.*, 217 Cal. 618, 627, 628 [20 P.2d 673]; *Evans* v. *Los Angeles Ry. Corp.*, 216 Cal. 495, 498 [14 P.2d 752]; *Jacobsen* v. *Industrial Acc. Com.*, 212 Cal. 440, 447 [299 P. 66].) The expenditures for "compensation" for which a lien is allowed the employer or his insurance carrier include expenditures for all benefits conferred on the employee by sections 3201-6002 of the Labor Code (Lab. Code, § 3207), and therefore include expenditures for medical and hospital treatment (*ibid.*, § 4600; *Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.*, 66 Cal.App.2d 376, 380 [152 P.2d 501]), as well as for disability benefits awarded. (Lab. Code, §§ 4650-4663.)

 . Respondent contends that the award did not include compensation for disability caused by the malpractice. The award was made on August 19, 1942, over seventeen months after the last of the doctor's treatments. The fact that the award was based on the condition of the injury after the treatments and the subsequent operation, is established beyond dispute by the finding that respondent's injuries included "permanent disability consisting of loss of head and neck of radius of minor forearm. . . ."

Respondent also contends that her cause of action against the doctor for malpractice was separate and distinct from

her claim for workmen's compensation, and that the aggravated injury resulting from the negligent treatment by the doctor was not incurred in the course of her employment (Lab. Code, § 3600(b)) since she was not rendering any service to her employer at the time of the treatments. She concludes that even if compensation for the injuries caused by the malpractice was included in the award, the commission, by including such compensation, exceeded its jurisdiction. ■ Recovery of compensation is not conditional upon the employee's rendering service to the employer at the time of the injury. (*California Cas. Indemnity Exch.* v. *Industrial Acc. Com.*, 21 Cal.2d 461, 465 [132 P.2d 815] and cited cases.) ■ It has been settled by decisions in tort actions that the aggravation of injuries by the negligence of a doctor is within the scope of the risk created by the original tortious act. (*Ash* v. *Mortensen*, 24 Cal.2d 654, 657 [150 P.2d 876]; *Dewhirst* v. *Leopold*, 194 Cal. 424 [229 P. 30]; *Blackwell* v. *American Film Co.*, 189 Cal. 689 [209 P. 999]; *Boa* v. *San Francisco-Oakland Term. Rys.*, 182 Cal. 93 [187 P. 2]; *Fields* v. *Mankato Elec. Traction Co.*, 116 Minn. 218 [133 N.W. 577]; see Rest., Torts, §§ 457, 872; Prosser on Torts, 362; 39 A.L.R. 1268.) The same rule applies in this state in workmen's compensation cases: ". . . 'under the great weight of authority the employer is liable for all legitimate consequences following an accident, including unskilfulness or error of judgment of the physician furnished as required, and the employee is entitled to recover under the schedule of compensation for the extent of his disability based on the ultimate result of the accident, regardless of the fact that the disability has been aggravated and increased by the intervening negligence or carelessness of the employer's selected physician.' The reasonableness of this principle is patent." (*Fitzpatrick* v. *Fidelity & Casualty Co.*, 7 Cal.2d 230, 234 [60 P.2d 276]; *Dillard* v. *City of Los Angeles*, 20 Cal.2d 599, 604 [127 P.2d 917]; *Nelson* v. *Associated Indemnity Corporation*, 19 Cal.App.2d 564 [66 P.2d 184]; see 39 A.L.R. 1276; 98 A.L.R. 1387; 127 A.L.R. 1108; 139 A.L.R. 1010; 71 C.J. 641 et seq.)

*Pacific Coast Casualty Co.* v. *Pillsbury*, 171 Cal. 319 [153 P. 24], on which respondent relies, is clearly distinguishable, since it involved a refracture of the old break after the employment had ceased. (*Cf. Head Drilling Co.* v. *Industrial Acc. Com.*, 177 Cal. 194 [170 P. 157]; *Shell Co. of California* v. *Industrial Acc. Com.*, 36 Cal.App. 463 [172 P. 611]; *Shaw*

v. *Owl Drug Co.*, 4 Cal.App.2d 191 [40 P.2d 588]; *Brown* v.
*Beck*, 63 Cal.App. 686 [220 P. 14]; Rest., Torts, § 460.)
*Smith* v. *Golden State Hospital*, 111 Cal.App. 667 [296 P.
127], on which respondent also relies, held that receipt of
compensation for additional injuries caused by malpractice
does not bar recovery by the employee from the negligent
doctor in an action for damages. Language in that case that
negligence in the treatment of an injury is not within the
scope of the risk created by the injury is inconsistent with the
Fitzpatrick, Dillard and Nelson cases, *supra*, and is disap-
proved.

█ Respondent contends that the present appeal has be-
come moot on the ground that her judgment has been fully
satisfied and that no lien can therefore attach thereto. Appel-
lant filed its notice of appeal, however, before the doctor satis-
fied respondent's judgment. If an employee has obtained a
judgment against a third person for his compensable injury,
''No satisfaction of such judgment in whole or in part, shall
be valid without giving the employer notice and a reasonable
opportunity to perfect and satisfy his lien.'' (Lab. Code,
§ 3858.) The employer is denied such an opportunity if,
during the pendency of his appeal, the judgment is satisfied
and no arrangement is made to protect the lien. The doctor
could not therefore destroy the lien by satisfying the judg-
ment.

Since appellant is entitled to a lien, the motion to strike
should have been denied and the demurrer overruled.

█ The contention has been advanced that even if appel-
lant is entitled to a lien, only the Industrial Accident Com-
mission has jurisdiction to fix the amount thereof. Section
5300 of the Labor Code provides that proceedings for ''the
recovery of compensation, or concerning any right or liability
arising out of or incidental thereto'' shall be ''instituted
before the commission and not elsewhere, except as otherwise
provided in Divisions IV and V.'' It is provided in division
IV of the Labor Code that the court has jurisdiction to deter-
mine the amount of the lien. Under chapter 5 of division IV,
an employer or his insurance carrier may obtain reimburse-
ment for expenditures in compensating his employee for an
injury caused by a third person by bringing an action against
such person (Lab. Code, § 3852), by joining in an action
brought by the employee (Lab. Code, § 3853), or, if both
actions were brought independently, by consolidating them

(Lab. Code, § 3853), or by claiming a lien on a judgment for any damages recovered by the employee. (Lab. Code, § 3856.) These remedies are expressly within the jurisdiction of the court. Thus sections 3856 and 3857 provide: "The court shall first apply, out of the entire amount of any judgment for any damage recovered by the employee, a sufficient amount to reimburse the employer for the amount of his expenditures for compensation. If the employer has not joined in the action or has not brought action, or if his action has not been consolidated, the court, on his application shall allow, as a first lien against the entire amount of any judgment for any damages recovered by the employee, the amount of the employer's expenditures for compensation." (Lab. Code, § 3856.) "The court shall, upon further application at any time before the judgment is satisfied, allow as a further lien the amount of any expenditures of the employer . . . subsequent to the original order. (Lab. Code, § 3857.) It clearly appears from these provisions that the court has jurisdiction to fix the amount of the lien. (*Jacobsen* v. *Industrial Acc. Com.*, 212 Cal. 440, 448 [299 P. 66].)

█ · When the Industrial Accident Commission has made an award fixing the compensation to which the employee is entitled, the award will govern any later determination as to what was payable as compensation under the award. An award, however, may relate only to part of the compensation, such as disability benefits, leaving uncovered such expenditures as those for medical and hospital treatment. █ Frequently compensation is paid by the employer without proceedings in the Industrial Accident Commission. In such cases the court in ascertaining the amount of the lien, must determine what amount was or will be properly expended in fulfillment of the employer's duty to compensate the employee. (*Moreno* v. *Los Angeles Transfer Co.*, 44 Cal.App. 551, 554 [186 P. 800]; see *Jacobsen* v. *Industrial Acc. Com.*, *supra*, 212 Cal. 440, 448.) █ In the present case the commission determined the amount of the disability benefits to which respondent was entitled under the act, but it did not determine what part thereof was attributable to the aggravation of respondent's injury caused by the doctor's malpractice. Since respondent was entitled to compensation for the injury including such aggravation, the commission had no reason to determine to what extent respondent's disability was caused by the malpractice, or the amount of compensation payable for disability so caused. Awards for disability are based on the ultimate

result of the accident; "... the employee is entitled to recover under the schedule of compensation for the extent of his disability based on the ultimate result of the accident, regardless of the fact that the disability has been aggravated and increased by the intervening negligence or carelessness of the employer's selected physician." (*Fitzpatrick* v. *Fidelity & Casualty Co., supra,* 7 Cal.2d 230, 234; *Dillard* v. *City of Los Angeles, supra,* 20 Cal.2d 599, 604; *Nelson* v. *Associated Indemnity Corporation, supra,* 19 Cal.App.2d 564; see *Parchefsky* v. *Kroll Bros., Inc.,* 267 N.Y. 410, 417 [196 N.E. 308, 98 A.L.R. 1387] ; 27 Cal.Jur. 423.) Whether or not there was malpractice had to be determined in the action against the doctor. Given this determination, it remains to be determined what aggravation of the original injury resulted from the malpractice. The amount of appellant's lien is equal to the amount of compensation paid or payable, including medical expenditures not covered by the award, that was attributable to the malpractice. In other words the amount of the employer's lien is limited to the amount that he is required to pay because of the malpractice.

 The employer's lien attaches to the "entire amount" of a judgment "for any damages." (Lab. Code, § 3856.) The Legislature so defined the lien (Stats. 1931, p. 2370, Deering's Gen. Laws, 1931, Act 4749) after this court held that the lien of the employer under the former statute did not attach to that part of a judgment representing damages for the employee's pain and suffering, and suggested that the difficulties of segregating the elements of the employee's recovery "might well call for further legislative action on the subject." (*Jacobsen* v. *Industrial Acc. Com., supra,* 212 Cal. 440, 449.) Under the statute as amended, it is clear that the employer's lien attaches to the entire judgment and that it is no longer necessary to segregate the part thereof that represents damages for pain and suffering. (*Pacific Gas & Electric Co.* v. *Industrial Acc. Com.,* 8 Cal.App.2d 499, 504 [47 P.2d 783].)

The judgment of dismissal is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.