[Civ. No. 26231. Second Dist., Div. Three. June 17, 1963.]

ANTHONY DUNBAR, Plaintiff and Appellant, v. DAVID MESSIN et al., Defendants and Respondents.

Walleck & Shane and David L. Shane for Plaintiff and Appellant.

Gilbert, Thompson & Kelly and Jean Wunderlich for Defendants and Respondents.

FILES, J.—In this rear end automobile collision case plaintiff is appealing from a judgment based upon a jury verdict for $1,500, which plaintiff considers inadequate. Defendants are the owner and driver of the vehicle which struck plaintiff's automobile. The collision occurred at 3:50 p.m. on Thursday, February 20, 1958. On the following Monday

plaintiff returned to his employment as an air-conditioning engineer and worked regularly until July 27, 1959, when he stopped because of physical inability. On August 14, 1959, he underwent surgery for herniated intervertebral discs.

Plaintiff testified that on March 20, 1958, he was involved in another automobile collision which, he said, did not affect his back in any way, and in April 1958 he "felt an aggravation" while lifting a trash can. The main question in this case was how much of plaintiff's claimed physical injury was caused by the February 20 collision. The medical evidence was very much in conflict.

Defendants called as their witness Dr. Shrader, a chiropractor, who had treated plaintiff on the day of the trash barrel incident. Dr. Shrader produced his office record card, which he said was necessary to refresh his memory. Referring to the card he testified that plaintiff came to his office on April 5, 1958, and said he had picked up a trash barrel that morning and had felt something slip in his lower back; also that the patient gave a history of a whiplash injury on March 20, 1958. Dr. Shrader had no record of any mention of a February 20 injury.

On cross-examination he testified that he had no recollection of the conversation, even after reading his record. On redirect he was asked if his memory was refreshed by what was in his notes and he answered, "Yes." On recross he said he remembered only because it appeared on the writing. Plaintiff thereupon moved to strike out the entire testimony on the ground that the testimony showed that the recollection of the witness had not been refreshed. The motion was denied. Plaintiff now contends that this ruling was prejudicial error. He argues that the testimony as a whole indicates that the witness' recollection was not refreshed, and that where the witness has no present recollection, under Code of Civil Procedure, section 2047,* he may only give the contents of the document, and then only if he testifies that at the time the memorandum was made it was a correct statement of the facts.

---

*Code of Civil Procedure, section 2047, reads: "A witness is allowed to refresh his memory respecting a fact, by anything written by himself, or under his direction, at the time when the fact occurred, or immediately thereafter, or at any other time when the fact was fresh in his memory, and he knew that the same was correctly stated in the writing. But in such case the writing must be produced, and may be seen by the adverse party, who may, if he choose, cross-examine the witness upon it, and may read it to the jury. So, also, a witness may testify from such a writing, though he retain no recollection of the particular facts, but such evidence must be received with caution."

Even if we accept the premise that the testimony supported no inference that the witness' recollection was refreshed, the ruling was not error. In relating the medical history given by the patient, the witness quoted the card verbatim part of the time, but sometimes lapsed into indirect discourse. There is nothing in the record to indicate that the testimony was not a fair representation of what had been written. The memorandum was made available for the inspection of counsel, but neither party asked that it be marked for identification. Had the language of the memorandum been any more favorable to plaintiff than the language used by the witness, no doubt counsel would have made the memorandum a part of the record. We can only conclude now that the witness did accurately testify from the writing as the code section contemplates.

The witness testified that he made these notes at the time of the interview. His notes purported to state what was said and done in his presence. This satisfies the requirement of section 2047 that the memorandum be made at a time when the witness knew that the same was correctly stated. To make the evidence logically complete, the witness should have testified that he recorded the facts truthfully, but the absence of a direct statement to this effect is not a good reason for holding now that the testimony was inadmissible. (Cf. *Anderson v. Souza*, 38 Cal.2d 825, 832 [243 P.2d 497].) One would not ordinarily infer that the witness had deliberately made a false memorandum for his office record. If counsel had any suspicion that such was the case, he was free to inquire on cross-examination.

*McEwen v. New York Life Ins. Co.*, 187 Cal. 144 [201 P. 577], cited by plaintiff, does not support him. In that case the memorandum was inadmissible because it was dated nine years after the event, and there was no showing either that the witness had written it or that it was written at a time when the witness knew the facts.

It is contended that the trial court erred in sustaining objections to the testimony of plaintiff's wife, offered in rebuttal. Plaintiff asked this witness to tell what she observed as to plaintiff's physical condition before the second automobile accident, that is, the March 20, 1958, collision. Defendants objected to this "as not rebuttal." Plaintiff's counsel stated that he offered to prove that plaintiff's condition did not change after that particular collision.

The ruling of the court sustaining the objection was not

error. As a part of his case in chief plaintiff had testified that his condition after the March 20 accident was the same as it had been before. Defendants did not offer any testimony or other direct evidence as to how plaintiff looked, felt and acted before and after the March 20 accident. Instead, defendants met the issue with evidence of admissions made by plaintiff and medical opinions from which it could be argued that the February 20 accident was not the principal cause of plaintiff's back trouble. The offer of proof was merely cumulative of plaintiff's testimony in chief as to how he looked and acted. It did not directly rebut defendants' evidence as to what plaintiff had said or what the experts deduced from other information. ■ The trial court is vested with discretion over the scope of rebuttal, and the ruling here was no abuse of that discretion. (See 48 Cal.Jur.2d, Trial, § 110; Witkin, California Evidence, § 566.)

■ Plaintiff asserts that it was error to give to the jury the following instruction:

"If you find that plaintiff suffers from some unfortunate condition which has not been caused by any negligence on defendants' part, you may not assess any damages for that condition against defendants.

"If you find defendants liable, and if you further find plaintiff received injuries which were proximately aggravated by a later event, defendants are responsible for such aggravation, if any."

Plaintiff argues that the first sentence, though a correct statement of the law, was cumulative of the general instructions on causation, and therefore confusing. However plaintiff does not specify and this court is unable to determine how the jury would have been confused by this statement.

Plaintiff says the second sentence of the instruction "neither correctly stated the issue involved nor the law applicable." Plaintiff criticizes the use of the word "proximately," and refers to the decisions holding that where the injuries sustained in an accident are subsequently aggravated by the negligence of a doctor, the party who caused the original injury is also liable for all of the ultimately resulting damage. (See *Heaton* v. *Kerlan*, 27 Cal.2d 716, 720 [166 P.2d 857].) Plaintiff is mistaken in saying that aggravation by medical malpractice involves a "similar situation to the instant case."

In cases like *Heaton* v. *Kerlan* the aggravation was due to a later event (negligent treatment) which had a causal rela-

tionship with the original injury. The fact that Miss Heaton's arm was broken in the first place was the cause of her going to a physician and exposing herself to the risk of his negligent treatment. The physician's malpractice in that case was not considered an intervening cause which would break the causal relationship between the original injury and the final result.

In the present case there is no causal relationship between the February 20, 1958, accident and the subsequent events which may have aggravated plaintiff's condition. Defendants did not cause plaintiff to be involved in a collision on March 20, nor did they cause him to lift the trash barrel on April 5. Defendants would not be liable for the consequences of the March 20 and April 5 events unless the February 20 injuries made plaintiff more susceptible and thereby caused a more serious final result. (See *Head Drilling Co.* v. *Industrial Acc. Com.*, 177 Cal. 194 [170 P. 157].) The March 20 and April 5 events may or may not have been intervening causes of the back trouble which sent plaintiff to the hospital in August.

In the *Heaton* situation the party who caused the original injury was responsible for the final result as a matter of law, while in the present case the defendants would be responsible for the final result only to the extent that the jury determined that the February 20 injury was the proximate cause of that result.

The use of the word "proximately" in the instruction served the proper purpose of maintaining the distinction between proximate and remote causation. The instructions given to the jury included the customary definition of proximate cause in the form requested by plaintiff.

Cryptic though it was, the instruction which plaintiff criticizes could not have prejudiced him because it stated a basis for holding defendants responsible for the aggravated condition.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.