[Civ. No. 9612.   Third Dist.   June 1, 1959.]

ALLEN SANSTAD, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION et al., Respondents.

Mannino & Lancaster for Petitioner.

Everett A. Corten, Emily B. Johnson and John N. Connell for Respondents.

VAN DYKE, P. J.—Petitioner herein brought this proceeding to review an order of the respondent commission denying his application to reopen for good cause. He asks the court to review and annul findings and award made by the commission in a proceeding wherein respondent Industrial Indemnity Company, the insurance carrier for petitioner's employer, had applied for an adjustment of petitioner's claim for industrial injury and for allowance of credits upon any award made, measured by the recovery petitioner had made in a third party action.

Petitioner suffered industrial injuries while working for Johnson & Mape Construction Company. His injuries were the proximate result of the negligence of a third party. Petitioner filed a third party action and respondent insurer intervened. The parties entered into a stipulation for a recovery of $5,000 from the third party. By that stipulation two judgments were entered; one in favor of petitioner for $4,037.45, the other in favor of the insurer for $962.55. At that time the insurer had voluntarily paid compensation to petitioner in the total sum of $1,380.10, but during negotiations for settlement had agreed to accept the stipulated judgment as full repayment thereof. About five months later the insurer filed an application for adjustment of claim before the commission. Amended findings were that petitioner's injuries had caused permanent disability in the accrued sum of $3,870, and that the insurer was entitled to subrogation credit of $3,619.90 against the award. The amount allowed for subrogation credit

was arrived at by subtracting the sum of $1,380.10 from the total recovery of $5,000 in the third party action.

Petitioner applied to the commission for reconsideration which was granted and after reconsideration the previous findings and award were affirmed and adopted as the commission's decision after reconsideration. Thereafter petitioner filed with the commission his application to reopen for good cause. The application was denied, as was also a petition for its reconsideration. This proceeding was then begun.

When compensable injury is the result of a third party's tortious conduct our statutes preserve a right of action against the tort feasor. The compensation system was not designed to extend immunity to strangers. To avoid a double recovery by the employee our statutes provide a system with the general effect of reimbursing the employer, or his substituted insurance carrier, for compensation outlay and of giving the employee the excess of the damage recovery over the amount of compensation. (2 Larson's Workmen's Compensation Law, § 71, p. 165 "Theory of Third Party Actions.") Labor Code, section 3852, declares that the claim of an employee for compensation does not affect his claim or right for damages proximately resulting from injury or death against any person other than the employer and further provides that any employer who pays or becomes obligated to pay compensation may likewise make a claim or bring an action against such third person in the nature of subrogation.

It is the contention of petitioner that the judgment of the superior court was final and conclusive on the insurer's right of subrogation and that having accepted the benefits of that judgment, it was entitled to no further recoupment; that if the foregoing contentions be not sound then respondent insurer was estopped to claim further recoupment.

In support of his primary contention based on the doctrine of res judicata, petitioner cites *Bernhard* v. *Bank of America,* 19 Cal.2d 807, 813 [122 P.2d 892], wherein the court said:

"In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?"

Petitioner argues that the judgment of the superior court

rendered in the third party action meets all these tests; and that therefore that judgment finally adjudicated the total amount of recoupment available to the insurer; and that the act of the commission in allowing further recoupment was an act in excess of jurisdiction. .

Our Constitution vests in the Legislature plenary power to create and enforce a complete system of workmen's compensation by appropriate legislation and declares that in doing so the Legislature has full power "to provide for the settlement of any disputes arising under such legislation by arbitration, or by an Industrial Accident Commission, by the courts, or by either, any, or all of these agencies, either separately or in combination, . . ." (Cal. Const., art. XX, § 21.) Petitioner argues as follows: The court, in the third party action, had exclusive jurisdiction to try the action against the third party. In addition, the court had at least concurrent jurisdiction, so far as was requisite to a complete determination of the issues presented in the action before it, to determine the amount of compensation which the insurer had paid or had by the industrial injury become obligated to pay; and if that jurisdiction was concurrent it became exclusive when before seeking commission action petitioner and the insurer joined in prosecuting the third party action, citing *Greene* v. *Superior Court*, 37 Cal.2d 307 [231 P.2d 821].

Petitioner relies principally upon *Jacobsen* v. *Industrial Accident Commission*, 212 Cal. 440, 442-444 [299 P. 66]. In that action, in which the facts were practically identical with those here presented, the injured employee brought action against a third party tort feasor and the employer applied for a lien against any judgment that might be obtained. The employer had voluntarily furnished compensation, including medical care and disability payments. The case was settled and all parties concerned stipulated that a judgment for the agreed settlement amount should be entered in favor of the employee and that out of that sum the employer should be reimbursed for compensation theretofore expended. Thereafter the employer filed an application with the commission for adjustment of its employee's claim and requested that there be credited against any award the amount received by the employee in the settlement with the third party, less the amount paid to the employer out of the judgment. On appeal it was contended for the employee that the commission was without power to give any further credit against the award. During the period involved the statutory provisions on subro-

gation were found in section 26 of the Workmen's Compensation Act, which contained the following provisions: "The court shall, on application, allow as a first lien against any judgment recovered by the employee the amount of the employer's expenditures for compensation." Concerning this provision, the court said:

". . . It enables the employer to safeguard his rights in that behalf by providing that 'the court shall, on application, allow as a first lien against any judgment recovered by the employee the amount of the employer's expenditures for compensation.' The statute is not self-executing in the employer's interest, but it affords to him the opportunity to assert his lien for expenditures for compensation on any judgment recovered and provides the forum where the amount of the lien may be ascertained and enforced. The power and duty thus expressly vested in and imposed upon the court in which the judgment was rendered to fix the amount of the lien and allow it as a first lien on the judgment would by necessary implication deny the existence of such power and duty in the respondent Commission, which has no authority in the rendition of the judgment and does not possess concurrent jurisdiction in that behalf under any statute called to our attention. The Commission certainly could not enlarge its powers in that respect by any rule adopted under the provisions of the act which would affect the substantive rights of the parties to the court action.

"We have, then, a statute which confers upon the employer the right to assert his lien for expenditures for compensation and provides a forum, namely, the court in which the judgment was rendered, for the ascertainment and enforcement of that right. If the employer has the statutory notice of the commencement of the action by his employee and fails to assert and timely to apply for the allowance of his lien, he must be deemed to have waived his right to the same and should be estopped by reason of such failure from thereafter asserting the right. Obviously the time to assert the right would be before satisfaction of the judgment."

The court further held that the language "amount of the employer's expenditures for compensation" should be construed as including not only expenditures already made, but also the liability of the employer for further expenditures, and said:

". . . The respondent corporation has, however, been reimbursed for expenditures already paid and it may not now

be heard to claim reimbursement for amounts it is under obligation to pay for the following reasons: Said corporation received the notice required by the statute of the pendency of the action brought by its employee. It presented its application for a lien on the judgment to be rendered in the form of a stipulation for judgment, specifying therein the amount of its past expenditures only. If it desired to assert a lien for future expenditures, then was the time to do it. It failed then to assert its right and must be deemed thereby to have waived it.''

In arguing for the application to this case of the rulings of the Supreme Court in the Jacobsen case, petitioner points to the pleadings in the third party action as indicating the scope of the issues and notes that the prayer of the insurer's complaint in intervention included a claim for past and future expenditures made or to be made by the insurer. Petitioner says: ''This prayer followed the rule laid down in *Jacobsen* v. *Industrial Accident Commission*, 212 Cal. 440 [299 P. 66], that the term 'expenditures for compensation' includes expenditures for past and future compensation. Therefore it follows that intervener . . . presented the identical issue to both the Superior Court and to respondent Commission.''

The decision in the Jacobsen case was commented on by the Supreme Court in *Heaton* v. *Kerlan*, 27 Cal.2d 716, 722 [166 P.2d 857], as follows:

''When the Industrial Accident Commission has made an award fixing the compensation to which the employee is entitled, the award will govern any later determination as to what was payable as compensation under the award. An award, however, may relate only to part of the compensation, such as disability benefits, leaving uncovered such expenditures as those for medical and hospital treatment. Frequently compensation is paid by the employer without proceedings in the Industrial Accident Commission. In such cases the court in ascertaining the amount of the lien, must determine what amount was or will be properly expended in fulfillment of the employer's duty to compensate the employee. *Moreno* v. *Los Angeles Transfer Co.*, 44 Cal.App. 551, 554 [186 P. 800]; see *Jacobsen* v. *Industrial Acc. Com.*, *supra*, 212 Cal. 440, 448.)''

Respondent commission and respondent insurer argue that by reason of subsequent statutory changes the holdings of the Supreme Court in the Jacobsen case are no longer controlling. We think respondents are correct and that whatever

must have been the disposition of this matter under the statutes in force when the Jacobsen opinion was rendered the respondent commission has made the proper disposition of the cause under existing statutes. In discussing these statutory changes we bear in mind the provisions of the Constitution hereinbefore noted empowering the Legislature to vest jurisdiction over the settlement of controversies arising under the workmen's compensation laws in the commission or in the courts or concurrently in both. The Jacobsen decision was rendered on April 30, 1931. Effective August 14, 1931 (Stats. 1931, p. 2370) provisions were incorporated by amendment into section 26 of the Workmen's Compensation Act which, for all purposes here, were practically identical with existing provisions in the Labor Code. Labor Code, section 3861, provides that:

"The commission is empowered to and shall allow, as a credit to the employer to be applied against his liability for compensation, such amount of any recovery by the employee for his injury, either by settlement or after judgment, as has not theretofore been applied to reimburse the employer. . . ."

Section 3858 of the Labor Code provides:

"After payment of the employer's lien, the employer shall be relieved from the obligation to pay further compensation to or on behalf of the employee under this division up to the entire amount of the balance of the judgment, if satisfied, without any deduction. No satisfaction of such judgment in whole or in part, shall be valid without giving the employer notice and a reasonable opportunity to perfect and satisfy his lien."

These provisions were not contained in the old Workmen's Compensation Act at the time the Jacobsen case was decided. They are harmonious with the basic reasons for subrogation which allow the injured employee to proceed against the third party who caused the injury, unfettered by the provisions of the workmen's compensation laws and yet provides against double recovery by allowing recoupment to the employer for compensation paid or to be paid. We think the effect of these later provisions is to vest in the commission and to continue in the commission, exclusive jurisdiction to determine compensation, even though the third party action is brought before the jurisdiction of the commission has been invoked. Of course if the action is begun after the jurisdiction of the commission has been invoked the decisions of the commission bind the court and the court may give relief to the

employer, based on the commission's award insofar as the commission has determined compensation. If, after the judgment, and while it remains unsatisfied, the commission awards further compensation, the court may give further relief based upon that award under the provisions of section 3857 of the Labor Code, which provides:

"The court shall, upon further application at any time before the judgment is satisfied, allow as a further lien the amount of any expenditures of the employer for compensation subsequent to the original order."

After satisfaction of the judgment the commission, under the code sections heretofore cited, may perfect the right of the employer to recoupment not theretofore accorded to him.

We think there is nothing inconsistent herein with what was said by the Supreme Court in the Heaton case as to the holdings in the Jacobsen case. The court in the Heaton case made no mention of the statutory changes that had intervened, and those changes were not material to the case then before the court.

What we have said disposes of petitioner's further contentions based on estoppel. It does not appear that there was any representation or promise made in the third party action that the respondent insurer's claims based on the subrogation provisions of the Labor Code were waived or would not be enforced through further proceedings before the commission.

For the reasons given the award of the Industrial Accident Commission is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.