[Civ. No. 54599. Second Dist., Div. Five, Nov. 1, 1979.]

MORTON HERR, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
COUNTY OF LOS ANGELES, Respondents.

322

Counsel

Morris L. Davidson for Petitioner.

John H. Larson, County Counsel, Milton J. Litvin and James E. Garland, Deputy County Counsel, for Respondents.

Opinion

ASHBY, J.—Petitioner Morton Herr seeks reversal of a decision after reconsideration of respondent Workers' Compensation Appeals Board (WCAB). Herr sustained a compensable industrial accident while employed by respondent County of Los Angeles (County). Herr filed a superior court action against the third party also involved in the accident. County filed a lien in the civil action pursuant to Labor Code section 3850 et seq., for reimbursement of workers' compensation benefits paid to Herr by County. The civil action was settled by the parties. County participated in the settlement and agreed to accept approximately one-third of the amount of its lien in full satisfaction of said lien. Herr claims that the settlement now prevents County from asserting before the appeals board a claim for credit pursuant to Labor Code

section 3861[1] against County's further workers' compensation liability in the amount of Herr's net recovery on the settlement. The workers' compensation judge held for Herr and denied County any credit. The WCAB reversed and held County entitled to such credit. We affirm the WCAB.

I

Herr, while employed by County, sustained injury arising out of and occurring in the course of said employment. County voluntarily paid workers' compensation benefits to Herr. The injury occurred as the result of an automobile accident between Herr and a third party. Herr filed a civil negligence action against the third party in superior court. County filed a notice of lien in said civil action for its workers' compensation liability. (Lab. Code, §§ 3852,[2] 3856, subd. (b).[3]) The notice of lien filed by County stated: "[County] claims a first lien upon the proceeds of any settlement or the satisfaction of any judgment rendered [in the subject civil action] in favor of [Herr] in the sum of $29,830.94 and any additional amount it may become obligated to pay under the provisions of the Labor Code of the State of California and the Salary Ordinance of Los Angeles County. Said sum represents payment of compensation benefits and salary payments pursuant to the provisions of Division 4 of the Labor Code, State of California and Salary Ordinance of Los Angeles County resulting from injuries sustained by [Herr] which are the subject of the action at bar."

---

[1]Labor Code section 3861 provides: "The appeals board is empowered to and shall allow, as a credit to the employer to be applied against his liability for compensation, such amount of any recovery by the employee for his injury, either by settlement or after judgment, as has not theretofore been applied to the payment of expenses or attorneys' fees, pursuant to the provisions of Sections 3856, 3858, and 3860 of this code, or has not been applied to reimburse the employer."

[2]Labor Code section 3852 provides: "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay salary in lieu of compensation, may likewise make a claim or bring an action against such third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension, or other emolument paid to the employee or to his dependents."

[3]Labor Code section 3856, subdivision (b), provides: "In the event of suit against such third party:

" .    .    .    .    .    .    .    .    .    .    .    .    .

"(b) If the action is prosecuted by the employee alone, the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred

In August 1975, the civil action was settled by the parties thereto. The gross settlement amount in favor of Herr was $40,000. County agreed to accept $10,200 out of the settlement in full satisfaction of its lien.[4] Subsequently, County agreed to accept only $9,200. After deducting from the settlement legal fees and costs and recovery to County of $9,200 on its lien, Herr received a net of $15,119.30.

On September 12, 1975, Herr and County entered into stipulations regarding Herr's workers' compensation claim before the appeals board. Part of the stipulations provided that the injury had caused permanent disability of 52½ percent, which totals $18,095 in weekly payments. This issue of Herr's need for future medical treatment was left unresolved. On September 17, 1975, the workers' compensation judge issued a findings and award based upon the stipulations. The judge awarded Herr further medical treatment as necessary to cure or relieve from the effects of the injury.

Subsequently, County wrote and advised Herr that in light of Herr's settlement in the civil action the County was entitled to a credit against future workers' compensation benefits owed to Herr by County.

Herr objected to this claimed credit. Herr's position being that by accepting a reduction in its lien County waived any right to claim credit against future workers' compensation benefits pursuant to Labor Code section 3861.

The matter came for hearing before the workers' compensation judge who found that County had no right to credit because by accepting a

---

in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer. After the payment of such expenses and attorney's fee the court shall, on application of the employer, allow as a first lien against the amount of such judgment for damages, the amount of the employer's expenditure for compensation together with any amounts to which he may be entitled as special damages under Section 3852."

[4]The superior court minute order regarding the settlement states, in pertinent part: "Counsel stipulate that the cause is settled in favor of the Plaintiff [Herr] for the sum of $40,000.00. The Plaintiff shall discharge all Defendants and hold same harmless on the lien by the lien-claimants, Los Angeles County. The Plaintiff shall pay to the lien-claimants the sum of $10,200.00 as payment in full. Each side to bear its own costs."

reduction of its lien in the civil action County had effectively "waived" its right of credit pursuant to Labor Code section 3861.[5]

County then sought reconsideration by the WCAB, which was granted. The WCAB held that County "is entitled to credit pursuant to Labor Code Section 3861 for the full amount of [Herr's] net recovery against [the third party] against its liability for compensation." Explaining its decision the WCAB stated in its opinion and order granting reconsideration and decision after reconsideration: "The lien that [County] waived was a lien against the proceeds of [Herr's] recovery on the third party settlement. (Labor Code Section 3856 (b)). What the [County] is claiming however, is a credit against its future compensation liability. (Labor Code Section 3861). The lien and the credit are two totally different things. The waiver of one then can hardly be considered to be a waiver of the other.

"The workers' compensation judge believed that it would be unfair to [Herr] to require him to repay twice for the same benefit. However [Herr] is not repaying twice for the same benefit. [County] actually waived over $19,000 of its lien and it will not be able to recover this as part of its credit. Allowing the credit against future compensation after [County] has had its lien satisfied merely assures that [Herr] receives only those benefits to which he is entitled under the Labor Code.

"[Herr] has referred to the fact that the lien provides that it is to be against: [¶] '. . . any additional amount it may become obligated to pay under the provisions of the Labor Code of the State of California and the Salary Ordinance of Los Angeles County . . .'. However a fair reading of this statement establishes that it purports merely to keep the lien current. The language used does not purport to represent a waiver of the credit to which [County] would otherwise be entitled against the future compensation. In fact, the affidavits of [the attorney who represented Herr in the civil action [6] and the attorney for County in the civil action] establish that neither [County] nor [Herr] even considered the matter of credit."

---

[5]There is no contention that the accident was in any way due to negligence on the part of County. (See *Associated Construction & Engineering Co. v. Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 829 [150 Cal.Rptr. 888, 587 P.2d 684].)

[6]Herr is now represented by different counsel.

## II

Before this court Herr contends: (1) County's acceptance of $10,200 (later reduced to $9,200) on its lien included a waiver of County's right to claim credit pursuant to Labor Code section 3861; (2) the WCAB erred by rewriting the settlement agreement between the parties in the civil action; and (3) even assuming that County did not waive its right to credit, as computed pursuant to Labor Code section 3861, there is no amount of credit to which County is entitled.

Herr's first two contentions are variations of the same argument.

Herr points out that County's notice of lien stated that it was not just for benefits already paid to Herr but also for "any additional amount it may become obligated to pay." Thus, asserts Herr, when County agreed (as recorded in the superior court minute order) to accept the sum of $10,200 (later reduced to $9,200) "as payment in full," it was accepting such amount in full satisfaction of both its lien rights *and* right to claim credit pursuant to Labor Code section 3861 against future workers' compensation benefits.

As the WCAB correctly observes, the language of the notice of lien was meant to keep the lien current with benefits paid after the notice of lien was first filed. The lien's language did not cover benefits that County would in the future be obligated to pay after a judgment or settlement. The employer, in an independent action against the third party, cannot recover for workers' compensation benefits not yet determined by the appeals board. Thus, as the appeals board had not yet made any award at the time of the settlement, County's lien in the third party action was limited to workers' compensation benefits voluntarily paid up until the settlement.[7] (*Associated Construction & Engineering Co. v. Workers' Comp. Appeals Bd., supra,* 22 Cal.3d 829, 839; 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d rev. ed. 1979) § 24.07[4] [a].)

The right to credit in the appeals board proceedings and the right to a lien in the third party action are separate and distinct. (*Sanstad v. Industrial Acc. Com.* (1959) 171 Cal.App.2d 32 [339 P.2d 943]; *Pacific G. & E. Co. v. Indus. Acc. Com.* (1935) 8 Cal.App.2d 499 [47 P.2d

---

[7]There was no contention at the time of settlement that County had paid more than $29,830.94 in benefits to Herr.

783]; 2 Hanna, *op. cit. supra,* § 24.04[5][a].) The waiver, failure to assert, or settlement of a lien claim in a civil action is not necessarily a settlement or waiver of the credit right. Under the general rule, to deny County credit there must have been an express waiver or settlement thereof. (*Sanstad, supra,* 171 Cal.App.2d 32; *Pacific G. & E., Co., supra,* 8 Cal.App.2d at pp. 503-504; 2 Hanna, *op. cit. supra,* §§ 24.04[5][a], 24.04[5][e]; Cal. Workmen's Compensation Practice (Cont.Ed.Bar 1973) § 18.32, p. 669.)

The settlement agreement as recorded in the superior court minute order does not contain an express waiver of County's credit right. Further, there is no basis for finding an estoppel against County to claim its credit right. The record here does not reveal that any promise or representation of waiver of credit right was made by County in conjunction with the settlement. Indeed, as the WCAB observes in its opinion, the affidavits of then counsel for Herr and County indicate that the question of credit was not even considered at the time of settlement. Accordingly, the civil action settlement did not result in a waiver or settlement of County's credit right. (*Sanstad, supra,* 171 Cal.App.2d at p. 40.)[8]

Failing on the waiver issue, Herr contends that the WCAB erred in calculating the amount of County's credit pursuant to Labor Code section 3861. Herr observes that Labor Code section 3861 computes the credit as the gross amount of the settlement, less attorneys fees and litigation expenses and less that "not previously applied to reimburse the employer." Herr argues that by County's waiving part of its lien it effectively received $9,200 to discharge $29,830.24. Thus, reasons Herr, County has actually received $29,830.24 in reimbursement for purposes of computing the credit under Labor Code section 3861.

While not pointed out by Herr, *Sanstad* supplies support for this position. In *Sanstad,* the industrially injured worker filed a third party civil action and the employer's insurer intervened. The parties agreed to settle for $5,000 with two stipulated judgments; one in the amount of $4,037.45 in favor of the injured worker and the second in favor of the insurer for $962.55. The insurer had actually expended $1,380.10 in workers' compensation benefits. In the initial compensation proceedings

---

[8]One authority has observed that it would be prudent to state specifically in the notice of lien that credit rights are not waived. (2 Hanna, *op. cit. supra,* § 24.04 [5][e].) Further, it would have been advisable for County and Herr to make the credit question clear at the time of the settlement.

the insurer's credit was computed to be $3,619, which was calculated by subtracting the sum of $1,380.10 (the full amount of benefits paid and not the insurer's actual recovery) from the total recovery of $5,000. However, the commission (now the WCAB) in reviewing the referee's decision was only faced with the issue of whether the credit was proper at all, not whether the credit was properly calculated. The issue before the court in *Sanstad* was also so limited. (See Lab. Code, § 5904.) Accordingly, neither the commission nor the court in *Sanstad* can be said to have approved the credit formula. Further, the rationale behind the credit calculation in *Sanstad* is not stated.

■ The WCAB's computation of the County's credit, on the other hand, complies with the language of Labor Code section 3861. The section states that credit is "such amount of any recovery by the employee...as has not theretofore been applied to the payment of expenses or attorneys' fees...or *has not been applied to reimburse the employer.*" (Italics added.) Pursuant to the section the credit is calculated on *actual amounts* taken out of the injured's settlement to reimburse employer and not any amount that the employer might have made claim to out of the settlement.

Thus, County's credit is calculated by taking the gross civil action settlement amount ($40,000) and subtracting both Herr's legal fees and costs in the civil action ($15,680.70) and the portion of the settlement proceeds County actually received on its lien ($9,200). This results in the net amount received by Herr in the civil action, which is $15,119.30 and is the amount of County's credit. This credit may be applied against future workers' compensation benefits that County becomes obligated to pay Herr *after* the time of the civil action settlement. No portion of the credit may be applied against any workers' compensation benefits which were included in the lien of $29,830.94 filed by County in the civil action. This was the holding of the WCAB.

The decision of the WCAB is affirmed.

Kaus, P. J., and Hastings, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied December 27, 1979.