**James FORMAN, et al., Plaintiffs,**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al., Defendants.**

**And Related Counterclaim and Third Party Complaint.**

**No. C–95–1225 EFL (ENE).**

United States District Court, N.D. California.

April 1, 1996.

---

17. *See supra* Section IV.A.1.

18. *See* Ex. A to Supplemental Declaration of Trudi Ryan.

19. *Id.*

Tommy Ryan Lee, Novato, CA, for plaintiffs/petitioners.

Roger W. Sleight and Mark W. Hudson, Sedgwick, Detert, Moran & Arnold, San Francisco, CA, for defendants/respondents.

## ORDER

LYNCH, District Judge.

Plaintiffs filed this declaratory relief action seeking coverage under an automobile insurance policy. Plaintiffs seek a judicial declaration as to the scope and extent of the insurance policy issued by defendant GEICO. Plaintiffs joined the United States as an indispensable party.

Plaintiffs have reached a settlement agreement with defendant GEICO and the Jones defendants.[1] Plaintiffs and defendants seek to have the settlement declared in good faith pursuant to California Code of Civil Procedure § 877.6(a).

The Court finds that the settlement is clearly in good faith. In *Tech–Bilt, Inc. v. Woodward–Clyde & Associates*, 38 Cal.3d 488, 499, 213 Cal.Rptr. 256, 698 P.2d 159 (1985), the California Supreme Court enumerated several factors to consider in determining whether a settlement is in good faith. These factors include the absence of collusion, whether the amount of the settlement is within the reasonable range of the settlors' liability, whether there is a discount for settlement, whether the amount is reasonable in light of the settlor's financial condition, and whether the allocation of proceeds is reasonable. The Court finds that the amount of the settlement is reasonable in light of all the circumstances of the case. The Court further finds that the allocation is reasonable given that plaintiffs' claims against GEICO appear to be limited to pain and suffering damages, and that there is no evidence of collusion. Therefore, the Court finds that the settlement, including the allocation, is clearly in good faith.

However, the parties cannot invoke California Code of Civil Procedure § 877.6(a)(1). That section provides that a determination of good faith settlement within the meaning of the statute applies to "any party to an action in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt." The parties agree that there are no joint tortfeasors in this case. While plaintiffs allege that plaintiffs and GEICO may be considered co-obligors, the statute is limited to "co-obligors on a contract debt." The California appellate courts that have construed that phrase have found that "the plain language of the statute dictates the interpretation of this phrase refers to parties to a contract dispute which is itself the subject of the underlying litigation." *Pacific Estates, Inc. v. Superior Court*, 13 Cal.App.4th 1561, 1571, 17 Cal.Rptr.2d 434 (1993). In *Herrick Corp. v. Canadian Ins.*

1. Defendant Gordon Jones was the driver of the car.

Co., 29 Cal.App.4th 753, 761, 34 Cal.Rptr.2d 844 (1994), the court held that it did not need to decide whether an excess insurer was a co-obligor on a contract debt, but said that the phrase "co-obligors on a contract debt" required the co-obligation to be with respect to the same, singular contract debt. *See also, Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 21 Cal.App.4th 1586, 1594 n. 7, 26 Cal. Rptr.2d 762. *But see Diamond Heights Homeowners Ass'n v. National American Ins. Co.*, 227 Cal.App.3d 563, 277 Cal.Rptr. 906 (1991) (holding that an excess insurer "stands in the position of a co-obligor" for purposes of § 877.6). This Court finds that the California Supreme Court would likely follow the reasoning of *Pacific Estates* and *Herrick Corp.* rather than *Diamond Heights*. Thus, the Court holds that in order to fall within the provisions of 877.6, there must be co-obligors on a single contract debt which is the subject of the litigation. While plaintiffs and GEICO may or may not both have some obligation to the government, any such obligation clearly does not arise out of the same contract, nor is any such contract the subject of the litigation.

Accordingly, while the Court finds that the settlement is clearly in good faith, it finds that § 877.6 does not apply in this case because there are neither joint tortfeasors nor co-obligors on a contract debt. The motion to determine good faith settlement is therefore DENIED WITHOUT PREJUDICE.

A status conference is set for July 3, 1996 at 8:45 a.m.

IT IS SO ORDERED.