[No. B099684. Second Dist., Div. Seven. Oct. 22, 1997.]

SOUTHERN CALIFORNIA EDISON COMPANY, Petitioner, v. WORKERS' COMPENSATION APPEALS BOARD and GARY A. TATE, Respondents.

**COUNSEL**

Parker & Irwin and Joan E. Partriz and Donald W. Hitzeman for Petitioner.

Krimen & Bjornsen and Michael J. Brodie as Amici Curiae on behalf of Petitioner.

Fensten & Gelber and Bruce Gelber for Respondents.

Boxer, Elkind & Gerson and Barry J. Williams as Amici Curiae on behalf of Respondents.

## OPINION

**WOODS, J.**—Petitioner contends that when both an employer and a third party are found concurrently negligent in an employee's accident, workers' compensation benefits previously paid to an employee must be included in calculating an employer's requisite credit threshold. Respondent Workers' Compensation Appeals Board (hereinafter, WCAB) disagreed and held that the credit threshold cannot be offset by such payments. We find that previous unreimbursed payments should be included in this calculation and therefore annul the WCAB's order and remand for further proceedings.

### FACTS

On November 13, 1984, petitioner Southern California Edison Company's (hereinafter, SCE) employee and real party in interest, Gary Tate (hereinafter, Tate), sustained injuries while servicing a General Electric meter which exploded. SCE began providing workers' compensation benefits for Tate.

Tate filed suit against third party defendant General Electric (hereinafter, GE) which settled for $340,000. After attorney's fees and costs, Tate received a net recovery of $194,000. At this time, SCE had paid Tate $75,478 in workers' compensation benefits. SCE filed a separate suit against GE. Subsequently, the WCAB found SCE independently settled its lien of $75,478 for $40,000.

After trial, the workers' compensation judge (hereinafter, WCJ) issued his findings of fact and order on November 19, 1992, holding SCE 25 percent negligent and owing $85,000 (25 percent of $340,000 is $85,000.) Subsequently, he found that SCE is entitled to a $109,000 credit ($194,000 minus $85,000) against future benefits due to Tate, only after its benefit payments to Tate met the $85,000 threshold.

On October 16, 1995, the WCJ issued another finding of fact and order, holding that SCE could not offset the $85,000 with the previously paid $75,478 in workers' compensation benefits because it settled its lien with GE for $40,000. Following settlement of the third party suit, SCE paid out an additional $4,905 to Tate, thereby bringing the total workers' compensation benefits paid to $80,383.

SCE filed a petition for reconsideration with respondent WCAB on November 3, 1995, asking the WCAB to reconsider the WCJ's finding and to hold that SCE may offset its past payments to meet its requisite credit threshold.

On January 2, 1996, the WCAB denied the petition for reconsideration. Subsequently, we denied a petition for writ of review on March 12, 1997.

SCE appealed our denial to the California Supreme Court. The Supreme Court instructed us to vacate our previous order on May 28, 1997, and issue a writ of review.

## DISCUSSION

 Petitioner SCE concedes that it is not entitled to credit against future benefits until it satisfies its 25 percent liability due to Tate ($85,000). However, SCE contends the law requires workers' compensation benefits previously paid to Tate be counted toward its $85,000 requisite threshold.[1] Respondent WCAB held and Tate contends that the $85,000 threshold cannot be offset by previous workers' compensation payments. We agree with petitioner that previous payments can be included in an employer's credit threshold. However, as to the precise amount of past payments we should include, we agree with Tate. The $40,000 petitioner received by way of settlement with GE cannot be calculated into petitioner's credit threshold.

An employer who has paid workers' compensation benefits to an injured employee has the right to be reimbursed for the sums paid and for certain other expenditures, except to the extent that fault attributable to the employer caused the worker's civil damages. (Lab. Code, § 3852) Reimbursement can be obtained: (1) by an independent lawsuit against the third party; (2) by intervention in the injured worker's lawsuit against the third party; or (3) by asserting a lien against the worker's recovery from the third party. (Lab. Code, §§ 3852, 3853, 3856, subd. (b).)

 Subsequently, after an injured worker has recovered damages by settlement or judgment from a third party, the employer is entitled to a credit against the employer's obligation to pay further benefits for the worker. (Lab. Code, § 3861.)[2] That credit is reduced by the extent to which fault attributable to the employer caused the worker's civil damages. (*Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Board* (1978) 22

---

[1]Petitioner argues that the entire $80,383 that it has paid to Tate in benefits should be used toward the credit threshold. Thus, SCE will receive credit against further benefits due as soon as it pays out an additional $4,617. Tate argues that petitioner should not have included in its payments the $40,000 which was received by way of settlement with GE. Thus, according to Tate, SCE will receive credit only when it has paid an additional $44,617 in benefits. The WCJ rejected both arguments and held that none of the compensation paid up to the date of settlement ($75,478) could be counted toward the credit threshold and SCE will receive credit only when it pays out an additional $80,095 ($85,000 minus $4,905 paid subsequent to settlement).

[2]Labor Code section 3861 states, "The appeals board is empowered to and shall allow, as a credit to the employer to be applied against his liability for compensation, such amount of any recovery by the employee for his injury, either by settlement or after judgment, as has not theretofore been applied to the payment of expenses or attorneys' fees, pursuant to the

Cal.3d 829,843 [150 Cal.Rptr. 888, 587 P.2d 684].) Therefore, in situations where an employer is partially negligent, it must pay benefits commensurate with its liability before it can receive credit against further demands for benefits in that case.

I. *An Employer's Credit Threshold Must Include Past Workers' Compensation Payments*

Respondent and Tate contend that workers' compensation benefits paid prior to the negligence determination, cannot be included in satisfying the employee's liability limit which triggers an employer's credit against further benefits for that employee's same claim. However, in considering our change from a contributory to a comparative negligence tort system,[3] our own Supreme Court and subsequent cases that follow it have held that "[o]nce the employer's *workers' compensation contribution* reaches [the requisite level of fault,] he should be granted a credit for the full amount available under section 3861."[4] (*Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd.* , *supra*, 22 Cal.3d 829; 843, italics added; see also *Richards* v. *Owens-Illinois, Inc.* (1997) 14 Cal.4th 985, 994 [60 Cal.Rptr.2d 103, 928 P.2d 1181]; *Dafonte* v. *Up-Right Inc.* (1992) 2 Cal.4th 593, 599 [7 Cal.Rptr.2d 238, 828 P.2d 140]; *Aceves* v. *Regal Pale Brewing Co.* (1979) 24 Cal.3d 502, 512-513 [156 Cal.Rptr. 41, 595 P.2d 619], overruled on other grounds in *Privette* v. *Superior Court* (1993) 5 Cal.4th 689, 696 [21 Cal.Rptr.2d 72, 854 P.2d 721].)

Application of the proper credit rule is best explained by a hypothetical settlement posed in *Associated.* "Assume an employee receives $20,000 in workers' compensation benefits. He later sues a third party to recover for the

provisions of Sections 3856, 3858, and 3860 of this code, or has not been applied to reimburse the employer."

[3]Prior to 1975, California's common law employed the traditional all-or-nothing system of tort responsibility. In *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393] contributory negligence was eliminated and comparative negligence principles were implemented. This change affected workers' compensation cases in a unique way. Before *Li*, an employer's concurrent fault barred a claim for reimbursement lien or credit. (*Roe* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 884, 889 [117 Cal.Rptr. 683, 528 P.2d 771]; *Witt* v. *Jackson* (1961) 57 Cal.2d 57, 73 [17 Cal.Rptr. 369, 366 P.2d 641].) After *Li*, courts were forced to look at this situation differently.

[4]Some appellate courts have held that credit is to be applied only against future benefits and not to reimburse for past payments. (See *Herr* v. *Workers' Comp. Appeals Bd.* (1979) 98 Cal.App.3d 321 [159 Cal.Rptr. 435]; *Hodge* v. *Workers' Comp. Appeals Bd.* (1981) 123 Cal.App.3d 501 [176 Cal.Rptr. 675]; *Curtis* v. *State of California* ex rel. *Dept. of Transportation* (1982) 128 Cal.App.3d 668 [180 Cal.Rptr. 843, 43 A.L.R.4th 823].) However, distinct from the case at bar, those decisions never addressed the issue of satisfying liability before credit rights can be asserted. Consequently, they do not contribute to our analysis.

same injury, [wherein he receives a net settlement of $25,000]. The employee then seeks further benefits from the board, and his employer claims a credit . . . of . . . $25,000 . . . . Under the [above] principles . . . , the board . . . then determine[s] the employer's degree of fault and the employee's total damages. . . . Were the board . . . to determine that the employer was 50 percent negligent, and that the employee is entitled to $100,000 in damages, then *the employer could not claim a credit until he contributed an additional $30,000 in benefits.* The employer would then have contributed a total of $50,000 to the employee's recovery, or 50 percent of the employee's total damages of $100,000. . . . [This includes the $20,000 of previously paid workers' compensation benefits.]" (*Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd., supra,* 22 Cal.3d at p. 843, fn. 10, italics added.)

Following this analysis, petitioner SCE should be entitled to assert its $109,000 credit as soon as it pays out a total of $85,000. Tate's net recovery from third party GE was $194,000 (before costs and fees, it was $340,000). SCE has credit against that recovery, which must be first reduced by SCE's fault. The WCJ determined that SCE was 25 percent liable and bears responsibility for $85,000 of the $194,000. Tate has thus far received $80,383 in workers' compensation benefits from SCE. If the WCJ had followed our Supreme Court's analysis in *Associated,* he should have determined that SCE could assert its credit of $109,000 once it contributed a total of $85,000, inclusive of the previously paid out workers' compensation benefits ($80,383).

We realize that *Associated* has not addressed the employer's partial recovery of benefits paid pursuant to the settlement of its $75,478 lien for $40,000. Therefore, we turn our attention to this issue in part II, *post.*

II. *An Employer's Credit Threshold Must Be Reduced by Settlement Received From a Third Party*

In light of the settlement between SCE and third party GE, the precise amount of, and what constitutes, "previous payments made" is disputed. Tate argues that since SCE received a $40,000 settlement from GE, it cannot include that $40,000 as "paid out" once it has been reimbursed by a third party. We agree. In doing so, it may seem that the employee is receiving more compensation than he is entitled to. Public policy consistently followed in the area of workers' compensation, and damages in general, requires that we attempt to avoid a double recovery for a plaintiff or employee, while still ensuring that a defendant employer wrongdoer does not profit from its wrong. (See *Witt* v. *Jackson, supra,* 57 Cal.2d 57; *County of San Diego* v.

*Sanfax Corp.* (1977) 19 Cal.3d 862, 872-873 [140 Cal.Rptr. 638, 568 P.2d 363]; *Abdala* v. *Aziz* (1992) 3 Cal.App.4th 369, 376 [4 Cal.Rptr.2d 130].) The WCJ denied SCE use of all of its past payments to meet its requisite credit threshold "in order to avoid the dreaded unjust enrichment which employers generally claim against employees." The WCJ's concern with avoiding unjust enrichment of the *employer* has, however, resulted in double recovery by the employee. His ruling allowed Tate to keep $75,478 of past benefits already accumulated, and to obtain an additional $80,095, for a total of $155,861, when SCE's liability was determined to be only $85,000.

On the other hand, permitting Tate to "keep" $40,000 of past benefits holds SCE precisely liable for its contributory negligence and "rewards" Tate with an additional $40,000. However, since the third party settlement negotiations presumably took into account all parties, Tate's civil recovery from GE was most likely reduced by the $40,000 paid to SCE. Therefore, we are less inclined to view the $40,000 as double recovery.

We hold that SCE cannot include the $40,000 it received by way of settlement as part of its previous payments made to employee Tate. SCE must pay an additional $44,617 ($85,000-$80,483+40,000=$44,617) to Tate before it can assert its $109,000 credit. Thereafter, if Tate can prove he has incurred an additional $109,000 in costs equivalent to workers' compensation benefits, SCE would again be responsible for further benefits.

## DISPOSITION

The decision of respondent Workers' Compensation Appeals Board after reconsideration is annulled, and the matter is remanded to the board for further proceedings consistent with the view expressed herein.

Lillie, P. J., and Johnson, J., concurred.

Petitioner's application for review by the Supreme Court was denied February 3, 1998.