[No. B130799. Second Dist., Div. Four. Mar. 28, 2000.]

STEPHEN S. BAILEY et al., Plaintiffs and Appellants, v.
RELIANCE INSURANCE COMPANY, Defendant and Respondent.

## COUNSEL

Edward W. Hess, Jr., for Plaintiffs and Appellants.

Tobin & Louie and Jamie Ann Louie for Defendant and Respondent.

## OPINION

**CURRY, J.**—Appellants Stephen S. and Jeannette Bailey settled a personal injury action with the driver of a car who injured Mr. Bailey and with the driver's employer. Respondent Reliance Insurance Company (Reliance), the workers' compensation carrier for Mr. Bailey's employer, brought a motion under Code of Civil Procedure section 877.6 for a finding that the settlement was in bad faith. The Baileys appeal from the order granting the motion on the ground that Code of Civil Procedure section 877.6 does not apply where no one is seeking a determination that the settlement was in good faith and where the party contesting the motion is not a joint tortfeasor in the action or joint obligor on a contract with the settling party.[1] We conclude that Code of Civil Procedure section 877.6 does not apply in this situation and reverse the trial court's order.

---

[1]Because the Baileys challenge the applicability of Code of Civil Procedure section 877.6 rather than the merits of the decision rendered under it, an appeal rather than a writ proceeding is the appropriate mechanism for review. (*Rohr Industries, Inc. v. First State Ins. Co.* (1997) 59 Cal.App.4th 1480, 1485-1486 [69 Cal.Rptr.2d 872].)

BACKGROUND

On March 6, 1997, Mr. Bailey instituted a lawsuit for injuries sustained in an automobile collision in which his vehicle was rear-ended by a vehicle driven by Miguel Angel Barajas and owned by Barajas's employer, Pacific Coast Roofing/Pacific Coast Weatherproofing. Named as defendants were Barajas, Pacific Coast Roofing, Pacific Coast Weatherproofing, and Gregory Michael Beebout, doing business as Pacific Coast Weatherproofing. Mrs. Bailey asserted a separate claim for loss of consortium.

At the time of his injury, Mr. Bailey was acting in the course and scope of his employment, and his employer, M.A. Hanna Resin, held a policy of workers' compensation insurance with Reliance. This permitted Mr. Bailey to pursue a workers' compensation claim in addition to the personal injury lawsuit. Reliance paid in excess of $100,000 for medical treatment, surgery, temporary disability, and other benefits.

On November 24, 1997, Reliance filed a complaint in intervention in the personal injury lawsuit initiated by the Baileys. The complaint in intervention sought reimbursement for the sums paid to or for the benefit of Mr. Bailey, and a lien on any judgment rendered in favor of Mr. Bailey "for any additional compensation that [Reliance] may be required to pay in the future under Workers' Compensation laws of California . . . ."

The Baileys purported to settle their claims against Barajas and his employer in October of 1998. A request for dismissal of the complaint was filed November 25, 1998. Under the terms of the settlement, Mrs. Bailey was to receive $200,000 for loss of consortium, and Mr. Bailey was to receive nothing for his personal injury claim. In addition, the attorney for the Baileys, Edward Hess, Jr., was to attempt to settle Reliance's complaint in intervention for $50,000 or less, with any remainder going to the Baileys if the claim was settled for less than $50,000.

After it learned of the settlement, Reliance filed a motion entitled "Motion Contesting Good Faith Settlement" under the authority of Code of Civil Procedure section 877.6. Reliance pointed out in the motion that it was entitled to seek reimbursement of any amounts paid as a result of the automobile collision and obtain a future credit for any amounts received by Mr. Bailey from the defendants. By structuring the settlement so that Mr. Bailey did not receive anything from the defendants and the entire $200,000 went to his wife for loss of consortium, the settling parties were accused of

seeking "to circumvent the provisions of Labor Code § 3858 and § 3861."[2] Reliance further objected on the ground that the settlement was in violation of Labor Code sections 3859, subdivision (a) and 3860, subdivision (a).[3]

The Baileys opposed the motion, stating in their memorandum of points and authorities that Reliance was "fully free to prosecute the complaint-in-intervention and recover, from the defendants-in-intervention, according to proof and law all worker's compensation benefits paid or to be paid to Stephen Bailey . . . ." Reliance had, in fact, separately settled its complaint in intervention for $33,000 prior to its motion being heard.

The trial court granted the motion and issued an order stating that the settlement was not in good faith. The Baileys appeal, contending that the trial court lacked authority to issue such an order or pass judgment on the settlement agreement.

DISCUSSION

I

Before we discuss the applicability of Code of Civil Procedure section 877.6 to this situation, we must first explain why, having separately settled its case for reimbursement with the third party tortfeasors, the carrier is or may be prejudiced by the employee's settlement allocation.

---

[2]Labor Code section 3858 provides: "After payment of litigation expenses and attorneys' fees fixed by the court pursuant to Section 3856 and payment of the employer's lien, the employer shall be relieved from the obligation to pay further compensation to or on behalf of the employee under this division up to the entire amount of the balance of the judgment, if satisfied, without any deduction." Labor Code section 3861 provides: "The appeals board is empowered to and shall allow, as a credit to the employer to be applied against his liability for compensation, such amount of any recovery by the employee for his injury, either by settlement or after judgment, as has not theretofore been applied to the payment of expenses or attorneys' fees, pursuant to the provisions of Sections 3856, 3858, and 3860 of this code, or has not been applied to reimburse the employer."

[3]Labor Code section 3859, subdivision (a) provides: "No release or settlement of any claim under this chapter as to either the employee or the employer is valid without the written consent of both. Proof of service filed with the court is sufficient in any action or proceeding where such approval is required by law." Labor Code section 3860, subdivision (a) provides: "No release or settlement under this chapter, with or without suit, is valid or binding as to any party thereto without notice to both the employer and the employee, with opportunity to the employer to recover the amount of compensation he has paid or become obligated to pay and any special damages to which he may be entitled under Section 3852, and opportunity to the employee to recover all damages he has suffered and with provision for determination of expenses and attorney's fees as herein provided."

Labor Code section 3852 makes clear that the existence of workers' compensation benefits does not preclude an injured employee from suing a third party who causes his or her injuries. In addition, "[a]ny employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, or who pays or becomes obligated to pay an amount to the Department of Industrial Relations . . . may likewise make a claim or bring an action against the third person."[4] (Lab. Code, § 3852.) The employer may recover "in addition to the total amount of compensation, damages for which he or she was liable including all salary, wage, pension, or other emolument paid to the employee or to his or her dependents." (*Ibid.*)

It is clear under these Labor Code provisions that a worker injured in the course and scope of his employment by the negligence of a third party may seek benefits under his employer's workers' compensation insurance and, at the same time, pursue a negligence claim against a third party who caused or contributed to the injury. Double recovery is disfavored, however, and various provisions of the Labor Code seek to ensure that the employer (defined to include the insurance carrier under Lab. Code, § 3850) will be reimbursed for amounts paid to the injured employee which the employee has also recovered from a third party tortfeasor. "An employer who has paid workers' compensation benefits to an injured employee has the right to be reimbursed for the sums paid and for certain other expenditures, except to the extent that fault attributable to the employer caused the worker's civil damages. (Lab. Code, § 3852.)" (*Southern Cal. Edison Co. v. Workers' Comp. Appeals Bd.* (1997) 58 Cal.App.4th 766, 769 [68 Cal.Rptr.2d 265].) Reimbursement can be obtained in three ways: "(1) by an independent lawsuit against the third party; (2) by intervention in the injured worker's lawsuit against the third party; or (3) by asserting a lien against the worker's recovery from the third party. (Lab. Code, §§ 3852, 3853, 3856, subd. (b).)" (*Southern Cal. Edison Co.*, at p. 769; accord, *American Home Assurance Co. v. Hagadorn* (1996) 48 Cal.App.4th 1898, 1901-1902 [56 Cal.Rptr.2d 536]; *Abdala v. Aziz* (1992) 3 Cal.App.4th 369, 374-375 [4 Cal.Rptr.2d 130] ["To prevent an employee from retaining both third party damages *and* workers' compensation benefits for the same injuries and disabilities, the Labor Code permits an employer to recover workers' compensation benefits it has become obligated to pay and/or has paid by (1) bringing an action directly against the tortfeasor (§ 3852), (2) joining as a party plaintiff or intervening in an action brought by the employee (§ 3853), or (3) allowing the employee to prosecute the action and then applying for a first lien against the resulting judgment or settlement. (§ 3856, subd. (b).)" (Fns. omitted.)].)

---

[4]In the chapter of the Labor Code which describes the subrogation rights of an employer in a workers' compensation case, " 'employer' " is defined to include "insurer as defined in this division." (Lab. Code, § 3850, subd. (b).)

■ As we have said, Labor Code section 3859, subdivision (a) provides: "No release or settlement of any claim under this chapter as to either the employee or the employer is valid without the written consent of both." Subdivision (b) of section 3859, however, goes on to say: "Notwithstanding anything to the contrary contained in this chapter, an employee may settle and release any claim he may have against the third party without the consent of the employer. Such settlement or release shall be subject to the employer's right to proceed to recover compensation he has paid in accordance with Section 3852." Discussing the 1971 amendments which added subdivision (b) to section 3859, the Supreme Court in *Board of Administration v. Glover* (1983) 34 Cal.3d 906 [196 Cal.Rptr. 330, 671 P.2d 834] stated: "The obvious purpose of these amendments was to permit an employee to segregate his own damage claim against a third party from his employer's claim against that third party for reimbursement for workers' compensation benefits paid. The employee thus is permitted to settle his own claim for a sum exclusive of amounts he had already received in the form of a workers' compensation award without jeopardizing the employer's subrogation right." (34 Cal.3d at pp. 913-914.) ■ Where, as here, the carrier elects to pursue a complaint in intervention against the third party for reimbursement of amounts paid under the workers' compensation coverage, settlement between the employee and the third party has no impact on the carrier's independent claim. Indeed, as we have seen, the settlement did not impede Reliance from reaching its own independent settlement with Barajas and his employer.

Although the settlements ended the matter as far as the third parties were concerned, one area of unresolved dispute between Mr. Bailey and Reliance remains: the matter of credit for future workers' compensation benefits. If, as is often the case, Mr. Bailey requires additional medical treatment or rehabilitation services, he may seek additional benefits from Reliance. Because damage or settlement amounts obtained from a third party tortfeasor in a personal injury action are generally supposed to include a component for future benefits, Reliance would be entitled to a credit against future benefits based on the amount the third parties paid to Mr. Bailey. (See, e.g., Lab. Code, §§ 3858, 3861; *Bonner v. Workers' Comp. Appeals Bd.* (1990) 225 Cal.App.3d 1023, 1032-1033 [275 Cal.Rptr. 337] ["When a third party is liable for an employee's injury, the controlling statutes grant the employer the right (1) to obtain reimbursement from the third party for workers' compensation benefits which the employer already had paid (§§ 3852, 3853, 3856, subd. (b)), and (2) to obtain a credit toward its future liability for workers' compensation equal to the amount of the employee's recovery that has not been applied previously to the payment of litigation expenses or attorney fees. (§ 3861.)"].)

■ The employer's or carrier's settlement of its claim for reimbursement of past benefits (often called its "lien claim") does not affects its right to obtain a credit for future benefits. (See, e.g., *Curtis v. State of California ex rel. Dept of Transportation* (1982) 128 Cal.App.3d 668, 683 [180 Cal.Rptr. 843, 43 A.L.R.4th 823] ["[T]he waiver, failure to assert, or settlement of a lien claim in a civil action is not necessarily a settlement or waiver of the credit right. . . . [¶] . . . [¶] . . . The right to a credit [and the right to a] reimbursement are separate and distinct rights and the waiver of a right to reimbursement does not mean that a credit right has been waived."].) This is because the employer or carrier, in its independent action against the third party tortfeasor, "cannot recover for workers' compensation benefits not yet determined by the appeals board."[5] (*Herr v. Workers' Comp. Appeals Bd.* (1979) 98 Cal.App.3d 321, 327 [159 Cal.Rptr. 435].)

The impact of a bad faith allocation of settlement proceeds on an employer or its carrier can be understood if we review the manner in which the credit for future benefits is calculated. In *Southern Cal. Edison v. Workers' Comp. Appeals Bd.*, *supra*, 58 Cal.App.4th 766, the employee sustained serious injuries while servicing a meter which exploded. His employer, Southern California Edison Co. (SCE), began providing workers' compensation benefits. In addition, the employee sued the manufacturer of the meter, General Electric (GE) and settled for $340,000, receiving a net recovery of $194,000 after payment of costs and attorneys' fees. By that time, SCE had paid $75,478 in workers' compensation benefits, and had filed its own suit against GE for reimbursement. SCE's suit settled for $40,000. The workers' compensation judge found SCE 25 percent liable and therefore responsible for $85,000 of the employee's total damages (25 percent of $340,000). The issue on appeal was how to calculate the credit against future benefits which SCE could claim if, as was expected, the employee required future medical treatment or rehabilitation. The workers' compensation judge concluded that SCE would get a $109,000 credit against future benefits ($194,000 minus $85,000), but only after its payments to the employee totaled $85,000 *not including* the $75,478 already paid. The judge reasoned that SCE's entitlement to reimbursement for the $75,478 already paid had been settled with the third party and so should not enter into the calculation. On appeal, SCE contended that it was entitled to count the full $75,478 already paid towards its threshold responsibility of $85,000 without regard to the $40,000 it had received from GE. The appellate court disagreed with both approaches. Although it agreed with SCE that the previous

---

[5]Thus, the Baileys' suggestion that Reliance was "fully free to prosecute the complaint-in-intervention and recover, from the defendants-in-intervention, according to proof and law all worker's compensation benefits paid *or to be paid* to Stephen Bailey . . ." is incorrect. (Italics added.)

payments should be included in the employer's "credit threshold" even where the employer has settled its claim for reimbursement, the court concluded that the amount received by way of settlement with a third party cannot be credited to the employer for purposes of the credit threshold. (58 Cal.App.4th at p. 769.) In other words, the employer must first pay out an amount equivalent to its comparative share of liability based on its own negligence, deducting any amount it has already paid and adding anything it received by way of settlement with a third party tortfeasor (using the *Southern Cal. Edison* figures, $85,000 minus $75,478 plus $40,000—or $44,617). After the employer has paid out sufficient funds to meet this threshold, it is entitled to a credit against future benefits based on the amount the employee's net recovery exceeds the employer's share of liability ($194,000 minus $85,000 or $109,000 in *Southern Cal. Edison*). Thereafter, the employee cannot obtain further workers' compensation payments until his or her future expenses exceed the employer's credit amount.

 Any attempt to apply the *Southern Cal. Edison* credit formula to the present case is stymied by the allocation of third party settlement proceeds entirely to Mrs. Bailey's loss of consortium claim since under the terms of the settlement, Barajas and his employer paid nothing to Mr. Bailey. Reliance is justified, therefore, in its concern that unless some judicial body looks behind the terms of the settlement, it will receive no credit against future benefits payable to Mr. Bailey.

II

Although we comprehend the motivation behind Reliance's motion, we do not agree that the method chosen to attack the settlement was appropriate. Code of Civil Procedure section 877.6 provides a mechanism by which a party can obtain a court determination that a settlement and the allocations contained therein were made in *good faith*. If the court determines that the settlement was made in good faith, the settling parties are entitled to the benefit of subdivision (c) of section 877.6: "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." No party involved in this case was seeking to obtain a trial court determination that the settlement was in good faith in order to bar a joint tortfeasor's or co-obligor's contribution claims. Obtaining a determination that a settlement is in bad faith is a nullity under the statute, or, put simply, has the same

effect as making no motion at all—the settlement does not act as a bar to further contribution and the nonsettling defendants can continue to pursue the settling defendant for a greater share of the damages.

Moreover, as the Baileys point out in their brief, the present case does not meet the statute's description of the type of action in which Code of Civil Procedure section 877.6 is applicable, and Reliance does not meet the statute's definition of a party who may properly bring a good faith motion. Subdivision (a)(1) of section 877.6 states that the motion may be made by "[a]ny party to an action in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt" to resolve "the issue of good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors." (See *Forman v. Government Employees Ins. Co.* (N.D.Cal. 1996) 920 F.Supp. 1065, 1067 [although court believed the settlement between plaintiff, driver of automobile, and driver's insurer was clearly in good faith, it concluded that it could not make a ruling under § 877.6 because there were neither joint tortfeasors nor co-obligors on a contract debt involved in the action].) The Baileys were not pursuing any type of claim against Reliance in the personal injury action, and Reliance was not a joint tortfeasor or co-obligor on a contract debt with Barajas and his employers. To the contrary, those defendants owed an independent obligation to Reliance to reimburse it for amounts paid on behalf of Mr. Bailey. After the settlement with the Baileys, those defendants continued to owe Reliance reimbursement for such amounts. The section 877.6 motion, whether granted or denied, had no impact on the liabilities of the parties in the litigation. Thus, the trial court's determination that the settlement was in bad faith was tantamount to an advisory opinion which should not have been rendered.

Our decision does not leave Reliance remediless. It no doubt plans to seek a determination before the workers' compensation judge as to the applicable credit for future benefits. The workers' compensation judge (WCJ,) and the Workers' Compensation Appeals Board (WCAB), have the power to reallocate the proceeds of a third party settlement in situations like this one where the injured employee and his or her spouse may have colluded with a third party to make a bad faith allocation of settlement proceeds in order to defeat the employer's future credit rights. (*Reid v. WCAB* (1995) 60 Cal.Comp.Cases 360.) The WCJ and WCAB will be able to examine the entire circumstances surrounding the settlement, including the potential effect on future workers' compensation benefits, and render a meaningful decision on proper allocation.

## DISPOSITION

The trial court's order is reversed. Appellants are to recover their costs on appeal.

Hastings, Acting P. J., and Berle, J.,* concurred.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.